JAMES H. BOONE v. HERALD NEWS COMPANY ET AL.

Decided December 18, 1901.

1.—Libel—False Imprisonment.

A newspaper article alleging that A. was confined in the county jail without any commitment or other legal paper, having been sent in by a justice in charge of a constable, who asked that he be held for trial, since which time he had been a prisoner, no one seeming to know why he was there, and that efforts were being made to secure his release,—charges false imprisonment, and is libelous per se.

2.—Same—Burden of Proof.

Although the article was libelous, the burden was on plaintiff, the sheriff having control of the county jail, to establish that he was meant as the object of the libel.

3.—Same—Issue for Jury.

It was a question of fact to be determined by the jury whether or not the libel was aimed at plaintiff, and evidence showing that the prisoner was not delivered to the sheriff in person, and that he had others in charge of the jail as his deputies, with other facts in proof, justified a finding that the defendants had no reference to the sheriff in the publication of the article.

4.—Assignment of Error.

An assignment that the court erred "in not giving to the jury special charge number 5 asked by plaintiff, which was refused," followed by a copy of the charge, is not a proposition in itself, and where not followed by a proposition pointing out the error of which complaint is made, it will be held as waived.

Appeal from El Paso. Tried below before Hon. J. M. Goggin.

*J. M. Dean* and *R. V. Bowden,* for appellant.

*Turney & Burges* and *Edwards & Edwards,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages against the Herald News Company, a private corporation, Hughes D. Slater, Henry L. Capell, and James A. Smith, alleged to have accrued by the publication of a libelous article in a newspaper known as the El Paso Daily Herald. A trial by jury resulted in a verdict for appellees.

The suit was based upon the following article published in the Daily Herald:

"Wants His Liberty—Prisoner at the County Jail Wants to Get Out.—An effort will be made this afternoon to effect the release of Arcario Alva, whom it is alleged had been confined in the county jail since September 18th without any commitment or other legal papers authorizing his imprisonment. Alva was sent in from the smelter by Justice Downs. A constable brought him to jail and asked that he be held for trial. Since that he has been a prisoner. The boy's mother, it is said, came here a week or so ago from Chihuahua, expecting to find her son at work and at liberty. She found him in jail, though no one seemed to know why he was there. She appealed to friends, and they will endeavor to get him out."

The statements by innuendo were made to apply to appellant, who was sheriff and jailer of El Paso County, and it was set out that they were libelous per se in that they charged appellant with the crime of false imprisonment. The court instructed the jury that the publication was libelous per se.

It appears from the facts that appellant was sheriff of El Paso County, and had no regular jailer, but it was further in proof that the jail was actually in charge of guards and that one of them received the prisoner spoken of in the publication, and made the entries, as to how he came to be imprisoned, in the register provided for that purpose. The libelous article stated that the prisoner was sent to the jail by a justice of the peace in charge of a constable.

We are of the opinion that the article was correctly construed by the court to be libelous per se. If the charges in the published article were true, the person who unlawfully arrested and detained the prisoner was guilty of false imprisonment, which under the penal statutes of Texas is punishable by fine and imprisonment, and rendered appellant subject to removal from office, and the publication of such a charge is libelous, and the law will presume that it injured the reputation of the party against whom it was directed. Knapp v. Campbell (Texas Civ. App.), 36 S. W. Rep., 765; Belo v. Fuller, 84 Texas, 451. Cotulla v. Kerr, 74 Texas, 89.

Although the publication was libelous, the burden rested upon appellant to establish that he was meant as the object of the libel, and it was a question of fact to be determined by the jury, as to whether the libel was aimed at him. Newell on Slan. and Lib., p. 767. The jury was justified in finding that the publication was not aimed at the sheriff.

The second assignment of error is as follows: "The court erred in not giving to the jury special charge number 5 asked by the plaintiff, which was refused," followed by a copy of the charge. The assignment is not a proposition in itself, and is not followed by any proposition pointing out the error of which complaint is made, and under the rules must be considered as waived. Railway v. Cole, 8 Texas Civ. App., 635; Railway v. Higgins, 22 Texas Civ. App., 430; Cooper v. Hiner, 91 Texas, 658.

The third, fourth, fifth, and sixth assignments of error are subject to the same objections that apply to the second assignment.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

This court did not, as contended by appellant, lose sight of the fact that the sheriff testified that when at home he visited the jail daily, and exercised authority over it, and it also kept in mind that the prisoner was not delivered to the sheriff in person, and that others were in actual charge of the jail, and that a jury could from these facts, and others in

proof, find that appellee had no reference to the sheriff in its publication. If the proof had shown that appellant alone had charge of the jail, then the publication could have referred to no one else, but he was only in charge through his deputies, and while this in law might make him responsible, it could not fix and determine who was meant by appellee in the publication. No person was mentioned by name, and the publication is made to apply to appellant in the petition only through innuendo, and it is a question of fact, and not of law, as to whom the language applied. Suppose there were, as shown, several persons superintending the jail, and it was not known who was actually in charge, it could not certainly be maintained that everyone must as a matter of law know that the sheriff was the responsible party. In this case the uncertainty as to who was responsible for the unlawful detention of the prisoner was intensified by the fact that the jail was used for the detention of Federal as well as State prisoners. It is insisted by appellant that this court erred in not considering his second, third, fourth, fifth, and sixth assignments of error, and insists that the case of Land Company v. McClelland, 86 Texas, 179, sustains the assignments and requires consideration of them. The decision does hold that such assignments are sufficient, but it does not hold that they must be considered when they are not propositions in themselves and are not followed by propositions. An assignment of error may be a sufficient basis for a proposition and yet not be a proposition, and it will not be considered unless it was followed by a proposition. As said in the case cited: "An assignment may be brief and yet specific, and brevity in such a case is commendable and accords with good practice. The reasons by which allegations of error are sought to be sustained find their proper place in the propositions, statements, and authorities required to be set forth in the brief, under and in support of the respective assignments."

It is required in rule 30 for the courts of civil appeals, that "each point under each one of the assignments relied upon shall be stated in the shape of a proposition, unless the assignment itself is in the shape of a proposition to be maintained, and then it will be sufficient to copy the assignment." The Supreme Court holds that courts of civil appeals have the authority to disregard assignments of error, not propositions within themselves, not followed by propositions. Cooper v. Hiner, 91 Texas, 658. In the case of Railway v. Higgins, 22 Texas Civil Appeals, 430, the assignments were almost identical with the second, fourth, fifth, and sixth assignments of error, and they were not considered. A writ of error was refused. Under the heading "third assignment of error" are copied two assignments of error numbered in the record tenth and fourteenth. The tenth is similar to the second, fourth, fifth, and sixth assignments of error. The fourteenth is: "The court erred in that part of the eighth paragraph of its charges to the jury which requires the jury, before they can give a verdict against defendant Hughes D. Slater, to find that at the time of the publication complained of he was

in the actual personal exercise of his authority over the columns of said paper." Why it was error to so charge does not appear in the assignment of error, and there is no proposition that gives the explanation. Kruegel v. Berry, 75 Texas, 230.

The motion for rehearing is overruled.

*Overruled.*