CHICAGO, R. I. & G. RY. CO. et al. v. TROUT.

(Court of Civil Appeals of Texas. Amarillo. Dec. 21, 1912. Rehearing Denied Jan. 18, 1913.)

1. MASTER AND SERVANT (§ 264*)—INJURIES TO SERVANT—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

In an action for personal injuries by a railway employé, a petition alleging that at the date of the injury plaintiff was in the employ of defendant was sufficient to authorize proof showing where, when, and by whom he was employed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

2. CONTINUANCE (§ 14*)—PLEADING (§ 356*)—AMENDMENT—TRIAL AMENDMENT.

Where the facts alleged in a trial amendment were admissible under the allegations of the original pleading, a refusal to strike out the amendment or to allow a continuance was not error.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 25, 99–112; Dec. Dig. § 14;* Pleading, Cent. Dig. §§ 1111–1119; Dec. Dig. § 356.*]

3. DEPOSITIONS (§ 107*) — TIME FOR OBJECTION TO EVIDENCE.

An objection to the answer of a witness, contained in a deposition, as not responsive to the question is waived, where not urged by motion filed before announcing ready for trial.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 309–319; Dec. Dig. § 107.*]

4. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR.

The admission of evidence, if erroneous, was harmless, where evidence of the same facts was admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

5. MASTER AND SERVANT (§ 284*)—EXISTENCE OF RELATION—SUFFICIENCY OF EVIDENCE.

In an employé's action for injuries against several railroad companies, evidence held to present a question for the jury as to whether they were operating the business as partners.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001–1132; Dec. Dig. § 284.*]

6. APPEAL AND ERROR (§ 882*) — REVIEW — INVITED ERROR.

Where a railroad company sued by an employé for personal injuries alleged that the rights of the parties were governed by the laws of New Mexico and not by the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), it cannot complain because the trial court tried the case according to the laws of New Mexico, and did not charge in accordance with the federal Employer's Liability Act.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

7. APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error, or the propositions thereunder, complaining of the refusal of special charges should specifically point out the alleged error, show that the issue presented by the special charge was not presented in the general charge, and that there was evidence introduced tending to sustain such issue; and assignments merely copying the charges and complaining of their denial are insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

8. DAMAGES (§ 132*) — EXCESSIVENESS — PERSONAL INJURIES.

Through defendant's negligence, plaintiff's head was bruised, he was injured in the right epigastric region, affecting the internal organs, his right wrist possibly fractured, and his left wrist badly sprained. He suffered from severe headaches and aching in the back of his neck and wrists; his hand and wrist were stiff and their usefulness badly impaired. Held, that a verdict for $1,500 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by H. P. Trout against the Chicago, Rock Island & Gulf Railway Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Gustavus & Jackson, of Amarillo, and N. H. Lassiter and Robt. Harrison, both of Ft. Worth, for appellants. Barrett & Jones, of Amarillo, for appellee.

HALL, J. This is an appeal from a judgment awarding appellee damages against appellants for personal injuries alleged to have resulted to him by the falling against him of a telegraph pole from a car loaded with such poles. It is claimed that at the time of the injuries appellee was working for the Tucumcari & Memphis Railway Company, a corporation duly incorporated under the laws of the territory of New Mexico, and that the injury occurred in New Mexico. It was alleged that the appellants Chicago, Rock Island & Gulf Railway Company and the Chicago, Rock Island & El Paso Railway Company were partners; that part of the line upon which the injury occurred had been operated by the Memphis & Tucumcari Railway Company, and afterwards under the name of the Chicago, Rock Island & Pacific Railway Company, but that all of these names were used in operating a line of road

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

which was known as the "Rock Island Line.". The substance of the allegations pertaining to negligence is that, while riding on a freight train in New Mexico, engaged in the operation of loading the train with telegraph poles, which were gathered up along the right of way, the defendants negligently failed to prepare the car on which the telegraph poles were loaded so as to hold the poles thereon, and negligently loaded the poles so that one of them fell from the car and was thrown against the plaintiff, who was on the car immediately behind it, and he was knocked off and injured, and that the defendants were further negligent in operating the car at an excessive rate of speed, and that the track was rough and uneven at the point of the accident. The Chicago, Rock Island & Gulf specially denied the allegations of partnership and agency, alleging that it was the owner of the line of railway from Amarillo, Tex., to the Texas state line; denied that it had at any time ever owned any interest in the line of railway within the territory of New Mexico. It further answered, pleading that plaintiff assumed the risk of the injury, contributory negligence, and that plaintiff was not entitled to recover, because, under the laws of the territory of New Mexico, where the accident occurred, he was barred from a recovery by the Fellow Servants Law, which precluded a recovery by one employé for an injury resulting from the negligence of one of his fellow servants. Appellant the Chicago, Rock Island & El Paso Railway Company pleaded the same defenses of assumed risk, contributory negligence, and Fellow Servants Law as pleaded by its codefendant, and further that the plaintiff was never in its employment, but at the time of the injury was working for the Tucumcari & Memphis Railway Company. By supplemental petition the plaintiff pleaded that the laws of New Mexico were not applicable to this suit, but that the accident and the rights of the appellee were controlled by the act of Congress, dated April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), and other acts of Congress, with reference to the duties of railway companies to their employés. By trial amendment he sets up that a short time before he was injured he was employed by the Chicago, Rock Island & Gulf Railway Company in Oldham county, and that the said company sent him to New Mexico and put him to work at the place where he was injured.

The Chicago, Rock Island & Gulf Railway Company filed a supplemental answer, alleging that the plaintiff was in the employ of the Tucumcari & Memphis Railway Company at the time of his injury, and that the said company was engaged in constructing a line of railway from Tucumcari to the Texas state line, and was not engaged in the business of a common carrier, but only in the work of constructing a line of railway. There was a verdict and judgment for the plaintiff for $1,500, being $750 against each of the defendant companies.

[1, 2] Appellants moved the court to strike out that part of plaintiff's trial amendment wherein it is alleged that plaintiff had been first employed in Texas by the Chicago, Rock Island & Gulf Railway Company, and thereafter sent into New Mexico to work, and upon refusal of the court to do so filed an application for a continuance of the cause, based upon the court's action, which application was also overruled, and this refusal of the court to either strike out the trial amendment, or to grant the application for continuance, forms the basis for appellant's first assignment of error. Plaintiff alleges, in his original pleading that at the date of the injury he was in the employ of the defendants, and we think this allegation is sufficient to admit proof showing where, when, and by whom he was employed; and, since the fact alleged in the trial amendment was admissible under the allegations of the original pleading, there was no error in refusing to strike out the trial amendment, or in overruling the application for continuance. T. & P. Ry. Co. v. Bagwell, 3 Tex. Civ. App. 256, 22 S. W. 829.

[3] By the second assignment appellants insist that the answer of the witness Steelman, as contained in the deposition of said witness, was not responsive to the question. This objection was not urged by motion filed before announcing ready for trial, and was thereby waived. I. & G. N. Ry. Co. v. Kuehn, 2 Tex. Civ. App. 210, 21 S. W. 58.

[4] The third assignment of error complains of the action of the court in admitting in evidence the deposition of the witness Reed to establish certain facts; but it appears from the record that the witness Smith, without objection on the part of appellants, had testified to the same facts, which renders the error, if any, harmless.

[5] The fourth assignment of error is as follows: "The court erred in the fourth paragraph of the charge, as is complained of in the twenty-second paragraph of the defendant's motion for new trial." Following said assignment consecutively are three propositions, and the statement under the assignment copies the charge in full, after which appears this statement: "The record shows that the plaintiff was employed by the Tucumcari & Memphis Railway Company in constructing a line of road in New Mexico, and that the line, subsequent to the accident, was sold to the C., R. I. & E. P. Company and afterwards sold to the C., R. I. & P. Company, which owned it at the time of the trial, and that these companies were separate organizations, differently chartered and independently and separately operated. (See St. Facts, pp. 1–3, 28–32, 42–45, and 50–56.)" It will be seen that neither of the propositions is followed by a proper statement, and

the only one which has any facts in the statement pertaining to it is the second, which is as follows: "There was no evidence to warrant the submission of the issue that the defendants were operating their business as partners." Bearing upon the question of partnership and agency, the appellee introduced in evidence the map of the "Rock Island Line," showing both defendants to be a part of this line and a part of the Rock Island System. This map was contained in a folder used by appellants, and was attached to the deposition of one of appellant's employés, who testified that the map was correct, and that the defendants furnished like folders to employés for distribution to the public for advertising purposes; that they were used to advertise the Rock Island Line. This witness testified that he was general agent for the Rock Island Line at Amarillo, and that as such, during the year 1910, he handled business for the Tucumcari & Memphis Railway Company, the Chicago, Rock Island & El Paso Railway Company; that practically all train crews run through from Amarillo, Tex., to Tucumcari, N. M.; that he made reports to the general freight agent, J. C. McCabe, and the general passenger agent, Geo. S. Pentecost, of the Chicago, Rock Island & Gulf Railway, and to the general passenger agent and freight agents of the Chicago, Rock Island & Pacific Railway Company; that his duties were to have general supervision over freight and passenger matters with the Chicago, Rock Island & Gulf in the Panhandle, with the Chicago, Rock Island & Pacific in New Mexico. Appellee testified that he was working for the defendant Chicago, Rock Island & El Paso Railway Company at the time of the injury, but was employed by the Chicago, Rock Island & Gulf Railway Company in Oldham county, Tex., and from there went to Glen Rio, and then went to Lisbet, in New Mexico, eight miles from Tucumcari, and that he was sent from Texas into New Mexico, by the foreman or boss of the construction train. H. A. Beerup, conductor on the train from which appellee fell at the time of the injury, testified that at the time of the injury he was brakeman and extra conductor between Tucumcari and Amarillo. From this and other testimony, which might be culled from the statement of facts, we think the jury had sufficient evidence upon which to base their finding contrary to appellant's contention, and that the court did not err in submitting the question of partnership for their consideration.

[6] In their fifth assignment appellants say that "The court erred in the seventh paragraph of the charge, as is complained of in the twenty-fifth paragraph of defendants' amended motion for new trial. Under the pleading and proof in this case, it appeared that the defendants were engaged in interstate commerce, and that the plaintiff was employed by them in such commerce when injured, and the Texas assumed risk statute of 1905 does not control the question of assumed risk, but that question is controlled by the act of Congress of April 22, 1908, known as the federal Employer's Liability Act." Appellee insists that because appellants filed a first supplemental petition, denying that the said act of Congress had any application whatever to the occurrence and transaction involved in this suit, and pleaded that the laws of the territory of New Mexico should control the rights of the parties, and because the trial court agreed with appellants in their contention and ignored the federal statute, that appellants cannot now be heard to complain of the error, if any, committed by the court in the seventh paragraph of the charge, and in this contention we think appellee correct. We are not called upon to here discuss the question as to whether the rights of the parties should be governed by the federal statute or the laws of New Mexico; but since appellants invited the error they now complain of we cannot afford to entertain their complaint. They did not plead the assumed risk statute of New Mexico, if any existed, nor was any proven, but the charge of the court seems to be framed under the Texas rule.

Neither party pleaded that the defendants were engaged in interstate commerce. On the contrary, it was shown by appellants that, prior to the time of the accident, no passengers or freight for the public had been carried over the line upon which the accident occurred, and it was several days after the accident before the line was open for the carriage of freight and passengers as a common carrier; so, there being no traffic, the question of interstate commerce cannot possibly be in the case. The trial court, following the suggestion of appellants, tried the case according to the laws of New Mexico, and gave appellants the benefit of the fellow servants' doctrine of contributory negligence as a complete defense, to which they were not entitled under the federal act, and now it would be a violation of every principle of right to permit them to successfully contend here that the federal act applied to the facts in their case.

Appellants' sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments must be disregarded. These assignments are not briefed so as to require consideration, and appellee earnestly objects to their consideration.

The sixth assignment is as follows: "The court erred in refusing defendants' fifth special charge, as is complained of in the thirty-third paragraph of defendants' motion for new trial." The proposition following it is: "The defendants were entitled to have this special charge given, because it is a correct statement of the law as applied to the facts of the case." Then follows the statement,

which contains the special charge, and further: "All the evidence in the record relating to that issue shows that Trout was employed by the Tucumcari & Memphis Company, which was constructing this line of road. (See evidence of plaintiff's witness Reed, St. Facts, pp. 5–8; Articles of Incorporation of that Co., pp. 28–32; Evidence of Farris, pp. 42–44; Spencer, p. 45; Hoskins, pp. 45–48; Stark, pp. 50–56.)" This assignment, if considered, can be disposed of by referring to some of the evidence quoted under the previous assignment, showing that there was sufficient evidence to warrant the court in refusing the special charge.

[7] The seventh assignment is as follows: "The court erred in refusing defendants' sixth special charge, as is complained of in the thirty-fourth paragraph of defendants' amended motion for new trial." The proposition following is, "Same as under preceding assignment," and this proposition is the one that follows the eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments. The rules require that assignments or propositions thereunder, complaining of the action of the court in refusing special charges, should specifically point out the error complained of. Moore v. Waco Building Association, 19 Tex. Civ. App. 68, 45 S. W. 974; Wilson v. Simpson, 68 Tex. 306, 4 S. W. 839. Further, it should be shown that the issue which the court is asked to present in the special charge has not been presented in the general charge. St. Louis S. W. Ry. Co. v. Addis, 142 S. W. 955. The assignment should also show that there was evidence introduced upon the trial tending to sustain the issue presented in the special charge. Mitchell v. Robinson, 136 S. W. 501. Merely complaining of the refusal of the court to give special charges and copying the charges refused in the statement is not sufficient presentation of the matter in the appellate court. Thomas Goggan & Bro. v. Goggan, 146 S. W. 969; Boone v. Herald News Co., 27 Tex. Civ. App. 546, 66 S. W. 313. Most of the assignments mentioned above have violated nearly all of the rules quoted, and also fail to make any reference to the record.

The ninth assignment is a general statement that the court erred in refusing the eighth special charge. The second proposition under it is: "This case was, by the plaintiff's allegations, controlled by the federal Employer's Liability Act, and under it the law of assumed risk is properly set out in the charge." This question has already been disposed of, and will not be discussed any further.

It is contended by their sixteenth assignment of error that the court erred in overruling defendants' motion for a new trial, because the evidence shows the plaintiff was not in the employ of either of the defendants at the time he was injured, because the re-

lation of master and servant did not exist between the plaintiff and either of the defendants, and because the evidence fails to show any liability in favor of the plaintiff against either of the defendants. This matter has already been discussed, and the assignment is overruled.

The seventeenth and eighteenth assignments have the following for the statement: "See statements under the fourth and sixth assignments." If the statements under the fourth and sixth assignments can be construed to apply to these assignments, they have already been disposed of, and it is needless to discuss the questions involved any further.

By the nineteenth assignment of error appellants now insist that the defendants were engaged in interstate commerce, and that the Texas assumed risk statute of 1905 does not control the question of assumed risk, but that question is controlled by the federal statute. This question has also been disposed of adversely to appellants' contention, and will not be further discussed.

The twentieth assignment is without merit, and is overruled.

[8] The amount of the judgment is $1,500. The testimony shows that appellee's head was bruised; that he was injured in the right epigastric region, affecting the internal organs; that his right wrist was possibly fractured and the left wrist badly sprained; that he suffered from severe headaches and aching in the back of his neck and wrists; that his hand and wrist were stiff and their usefulness badly impaired. The judgment therefore was not excessive.

The record failing to disclose any reversible error, the judgment is affirmed.