**WARREN v. HILL.**

No. 4306.

Court of Civil Appeals of Texas. Amarillo.

Nov. 12, 1934.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellant.

Harney, Miller & Dally, of Borger, for appellee.

MARTIN, Justice.

Appellee, George Hill, filed a libel suit against appellant, Warren, and others, as owners and publishers of the Borger Daily Herald, a newspaper published in the city of Borger, Hutchinson county, Tex. All defendants except Warren went out of the case upon a peremptory instruction, about which no complaint appears, and they will not be further noticed.

The material portions of the alleged libelous article appearing in the Borger Herald are:

"Two charges each have been filed by County Attorney Henry Meyers against George A. Hill and Harry A. Murphy, charging them with selling gasoline without a permit and with not keeping a sales record. Both Hill and Murphy recently were released after serving sentences for theft from pipe line Meyers said. The cases are the only ones which have been filed in this county as result of the campaign to break up the bootleg gasoline business. Neither Hill nor Murphy, Borger men, has been arrested.

"Four in Hutchinson.

"Seven complaints have been filed in Gray County, 34 in Carson and four in Hutchinson. In some of the cases manufacture is charged. * * *

"Old boilers at wells are most often used in 'cooking' the oil for recovering the gasoline, and some of the plants are so cleverly buried that detection of them is difficult unless the observer is close. The gasoline from such plants is filled with sulphur and carbon, and therefore is injurious to an automobile."

Appellee further averred:

"That plaintiff was and is engaged in the sale of gasoline, but has at all times conducted a legitimate business in such and did and does haul gasoline from the various gasoline plants from whom he purchases such gasoline to his place of business on South Main Street in the City of Borger, and does not in any way handle or sell the so-called 'bootleg' gasoline, nor was or is he engaged in the manufacture of gasoline, and that he has at all times complied with all laws, both federal and state, relative to the paying of taxes on the gasoline so handled by him; that plaintiff at the time of the said above described article enjoyed a large acquaintance in and around Borger; that for more than three years prior to the publication of the above article he has had charge of filling and service stations and at the time said article was published as aforesaid was owning and operating a filling and service station of his own known as 'Hill's Service Station.'"

Appellant answered pleading specially his good faith; that his information as to Hill was obtained from Henry Meyers, county attorney of Hutchinson county; and that a retraction was published immediately after learning the facts, which was the day following. In bar of appellee's cause of action, appellant pleaded:

"This defendant is now informed, and accordingly alleges upon information and belief, that the plaintiff's true and correct name is George H. Hill, and that the true

and correct name of the Hill complained against is Walter A. Hill and that at the time of the publication of the article complained of by plaintiff, each and both of these persons were residents of the City of Borger, Hutchinson County, Texas, and each and both were, or had recently been, engaged in the retail gasoline business. That the article so published in the Borger Daily Herald of October 18, 1932, and against which plaintiff complains, does not identify the plaintiff in that the person named in the article is named George A. Hill, a resident of Borger, when in truth and in fact a Walter A. Hill, a resident of Borger, had been complained against, and the name George A. Hill, no more identified the plaintiff, who is George H. Hill, than the person who in truth and in fact had been complained against, namely, Walter A. Hill, and that under the facts, as herein alleged, plaintiff is not entitled to maintain his cause of action against this defendant."

The trial court instructed the jury, in part:

"You are instructed that the article complained of in plaintiff's first amended original petition is libelous in itself and that the same is false and untrue, and that the plaintiff is entitled to recover at least nominal damages, and such actual damages as the evidence may show to be the proximate result of the publication, if any."

■■ We sustain appellant's assignment that such instruction was error, because an issue of fact existed as to whether or not the alleged libelous article identified or referred to the appellee in such way as that an ordinary reader of same would understand that he was the person intended to be charged with the commission of a crime. Aside from identification, the article was plainly libelous. As to identity, the evidence meagerly, though sufficiently, raises a fact question in our opinion. Appellee's true name is George H. Hill. The article refers to George A. Hill. Appellee operated a filling station under a trade-name, not under the name of George or George A. Hill. The alleged libelous article does not clearly identify the party charged as a retailer of gasoline. There was in fact another Hill who had been charged with theft, and this was the party in the mind of the county attorney, who in giving the information to appellant mistakenly gave the wrong initials. Appellant did not then know or know of appellee. The appellee operated a retail filling and service station under the trade-name of "Hill's Service Station." The trial court recognized the existence of a fact issue as to identity by submitting to the jury the following issue:

"Do you find from the preponderance of the evidence published in the Borger Daily Herald of October 16, 1932, was such that an ordinary person acquainted with plaintiff and reading the same would conclude therefrom that the reference therein contained to George A. Hill was a reference to the place in this case?"

To which the jury answered, "Yes."

We copy this from the judgment but do not find it elsewhere in the transcript. Either the trial court mistakenly gave this, or erroneously instructed the jury in the above-quoted paragraph of his charge. Both could not be correct.

■ The burden was upon the appellee to prove the libelous language pleaded was directed at him. Boone v. Herald News Co., 27 Tex. Civ. App. 546, 66 S. W. 313; Express Pub. Co. v. Orsborn (Tex. Civ. App.) 151 S. W. 574, 575. We quote from the last case cited:

"As is well said in the case cited [Houston Printing Co. v. Moulden, 15 Tex. Civ. App. 574, 41 S. W. 381]: 'It was not necessary to make the article published libelous that plaintiff should have been named, if he was pointed out by circumstances. * * * It is only necessary that the words refer to some person ascertainable from the words used.' It was not necessary that all the world should understand who the person defamed was. It is sufficient if those who know the plaintiff can discern that she was the person meant. Newell on Slander and Libel, p. 767.

"The case of Boone v. Herald News Co., 27 Tex. Civ. App. 546, 66 S. W. 313, decided by this court and cited by appellant, holds that the burden was on the plaintiff in a libel suit to prove that the libel was directed at him, and that it was a question of fact to be determined by a jury. So we hold in this case."

See, also, Express Pub. Co. v. Isensee (Tex. Civ. App.) 286 S. W. 927; 27 Tex. Jur., pp. 613, 614, and 731; 37 C. J. 102. It may be that upon another trial appellee can so establish this fact as to foreclose the question as a jury issue, but unless this is done, the court may not assume, as he did, that the ordinary reader of the article would understand it referred to appellee.

The following additional issues were submitted to the jury:

Special Issue No. 1:

"What amount of nominal damages do you find, from a preponderance of the evidence, that the plaintiff sustained by reason of the libelous publication?

Special Issue No. 2:

"What amount of money, if paid in hand at this time, if any, would reasonably compensate plaintiff for the actual damages he sustained, if any, by reason of the libelous publication?

"And in this connection you are instructed that in estimating such actual damages, if any, you will only take into consideration the following matters, or such of them as have been proven, if any, and none other, to-wit: The occupation, age and standing of the plaintiff, and all the surrounding circumstances; damage to plaintiff's character and reputation for honesty and fair dealing with his patrons, if any; mental anguish, if any; loss of trade and income, if any, and humiliation and shame caused him, if any, and you will, in answer to question No. 2, in mitigation of such damages, consider such evidence before you of the facts and the circumstances surrounding the publication of such libelous article, any retraction or correction, and the intention with which the libelous publication was made."

██ To special issue No. 1, the jury answered $350, and to special issue No. 2, $50. The judgment was for $400. These charges as submitted are erroneous. They each assume the libelous article referred to appellee. This is discussed above. The charge assumes that nominal damages rests upon a basis that is separate, apart, and distinct from compensatory and actual damages. One may have nominal damages without showing any right to general damages, but to be actually damaged is to be nominally damaged. Actual includes nominal damages, but the converse is not always true.

The appellee in this case asked for exemplary damages. The trial court correctly refused to submit such issue. We find no evidence raising it. Did the jury in finding seven times as much nominal as actual damages intend to find exemplary damages? If not, what did they intend? We have searched this record in vain for an answer to this question. Nominal damages is a designation for damages that exist only in name.

"Nominal damages is a sum which is held to be recoverable where a legal right is to be vindicated against an invasion which has produced no actual present loss of any kind." 8 R. C. L. 423; 13 Tex. Jur., pp. 69, 70. "Where the invasion of a right is established, the law infers some damage to the plaintiff; and if no evidence is given of any particular amount of loss, it awards what is termed nominal damages, which is some very small amount." Hillebrant v. Brewer, 6 Tex. 45. 55 Am. Dec. 757.

"Nominal damages * * * need not be sued for eo nomine, but arise by reason of allegations as to other damages involving the breach of a contract or the violation of any other legal right." Miller v. Moore (Tex. Civ. App.) 111 S. W. 750, 751; 13 Tex. Jur. 72. "While nominal damages are not strictly compensatory, they are always included in general damages." 17 C. J. 720. "In other words, where plaintiff establishes a cause of action, but fails to show any damages, he may recover nominal damages." 17 C. J. 721, 722.

Issue No. 2 above, with the accompanying instruction, submitted every right to damages within the pleading and proof in this case. In response thereto, the jury found as compensatory damages, which included both general and special, the sum of $50. There existed no legal basis for any other. Yet $350 appears as additional to this sum. It is elementary that double damages may not be recovered. We do not regard the case of Houston Chronicle Pub. Co. v. Wegner (Tex. Civ. App.) 182 S. W. 45, relied on by appellee, as being in conflict with the views herein expressed.

It does not seem legal or fair to us to order a remittitur of the $350, since we are unable to determine whether the jury intended to find exemplary damages, allow a double recovery, or mere compensatory damages. St. Louis Southwestern Ry. Co. v. Highnote (Tex. Civ. App.) 74 S. W. 920; 13 Tex. Jur., p. 445. We therefore have concluded to reverse and remand, and it is accordingly so ordered.

Reversed and remanded.