**MACFADDEN'S PUBLICATIONS, Inc., v. TURNER.**

**No. 1758.**

Court of Civil Appeals of Texas. Waco.
May 28, 1936.

Rehearing Denied July 2, 1936.

Hays, St. John, Abramson & Schulman, of New York City, Samuels, Foster, Brown & McGee, of Fort Worth, and Sleeper, Boynton & Kendall, of Waco, for appellant.

Claude Miller and Edgar Davidson, both of Waco, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, William Turner, against appellant, Macfadden's Publications, Inc., to recover damages for libel. Appellee alleged that appellant, in one of its publications issued in the year 1934 and entitled "June True Detective Mysteries," published an article called "The Inside Story of Bonnie Parker and the Bloody Barrows," and that said article was, in part, as follows: "Three bandits robbed the station of the Baltimore & Ohio Railroad at Middletown, Ohio, the afternoon of March 18th. While police were searching for them the same bandits entered a dry-cleaning plant, robbed the manager and ran into the street. Passing officers caught them as they emerged. The outlaws admitted the hold-ups to Roy W. Schofield, chief of police, but refused to divulge their identities. However, their finger-prints were checked and they were found to be Clyde Barrow, William Turner and Emory Abernathy."

Appellee alleged that the words above quoted were wholly false; that appellant sold certain copies of said publication to one Barton for circulation and distribution in McLennan county, in which county appellee resided, with the intention that said Barton should so sell said magazines and that appellee should be injured thereby. Appellee further alleged that by the acts

aforesaid he had suffered damage in the sum of $2,750.

Appellant pleaded a general denial, and further that appellee was a person whose general reputation for good behavior and whose general reputation as a peaceable and law-abiding citizen was bad, and in that connection specifically pleaded that appellee, in the year 1922, was convicted of a felony within this state, sentenced to the state penitentiary, and incarcerated therein on or about May 22, 1922. Appellant further pleaded that appellee, in the year 1926, was convicted in the court in which this suit was pending in eight cases charging burglary and in seven cases charging felonious theft, and that in each of said fifteen convictions the jury assessed his punishment at two years' confinement in the state penitentiary. Appellant further alleged that in the year 1927, appellee was convicted in said court in a case charging him with receiving and concealing stolen property, and that the jury assessed his punishment at two years' confinement in the state penitentiary. Appellant further alleged that in the year 1930, appellee was convicted in the same court in fourteen cases charging felonious theft and in eleven cases charging burglary, and that in each of said twenty-five convictions the jury assessed his punishment at four years' confinement in the state penitentiary. Appellant further alleged that on March 8, 1930, appellee was convicted in the United States District Court, Western District, Waco Division, in a case charging breaking and entering into a United States post office, and that as punishment therefor he was sentenced to serve three years in the federal penitentiary at Leavenworth, Kan. Appellant further alleged in that connection that if the publication charged to have been made by it as aforesaid was in fact made, that the same was not calculated to harm nor hurt appellee because his general reputation prior to and at the time of the alleged publication and prior to and at the time of the alleged circulation and distribution thereof was of such an evil nature as to render any publication concerning him absolutely harmless.

The court at the trial sustained appellee's exceptions to all of appellant's said allegations. Appellee introduced testimony supporting his allegation that said publication contained an article entitled as alleged; that the excerpt above quoted was contained therein; and that said publication was distributed in McLennan county. Appellee also introduced testimony that he was the plaintiff in the case, that his name was William Turner, and that he was present in the courtroom. Special issues were submitted, in response to which the jury found, in substance, that: (1) Appellant sold said magazine containing the article a portion of which was introduced in evidence as aforesaid; (2) appellant sold said magazine for circulation in McLennan county; (3) said magazine was circulated in said county; (4) the sum of $2,000, if paid now in cash, would adequately compensate appellee for injuries done him by the publication of said libelous matter. Judgment was entered upon such findings in favor of appellee against appellant for the sum so found by the jury.

### Opinion.

Appellant presents various propositions in which it insists that appellee's allegations are wholly insufficient to support a recovery, in that appellee nowhere alleged that he was the William Turner referred to in the libelous article of which he complains nor that his acquaintances or the members of the public with whom he might come in contact could reasonably conclude that he was such person; that the testimony was insufficient to show as a matter of law that appellee was the party referred to in said publication, and that, absent an affirmative jury finding that he was such person, he could not recover. Appellee's allegations on the issues so raised and the entire testimony relevant thereto have been fully recited above. Appellee apparently relied solely on identity in name to show that he was the party referred to in said publication and to raise a presumption of injury to him resulting therefrom.

█ The burden was on appellee to allege and prove that he was the William Turner referred to in said publication or that others could reasonably so conclude. 37 C.J., p. 74, § 473; Warren v. Hill (Tex. Civ.App.) 77 S.W.(2d) 322, 324, par. 3; Boone v. Herald News Co., 27 Tex.Civ. App. 546, 66 S.W. 313, par. 2 (writ refused); Express Publishing Co. .v. Osborn (Tex.Civ.App.) 151 S.W. 574, 576, pars. 4 and 5. The rule that identity of name is some evidence of identity of person is recognized in this state, but it is held to be merely a presumption, and that if there is any testimony, circumstantial or otherwise, tending to cast suspicion upon the theory, additional evidence in support

thereof must be introduced. 30 Tex.Jur. pp. 597 ét seq. §§ 13 and 14, and authorities cited in notes thereto. Appellee resided in McLennan county, Tex. The scene of the crimes recited in the excerpt introduced in evidence and attributed therein to "William Turner" was stated therein to have been located in the state of Ohio. The publication containing such excerpt was issued in New York, apparently for national sale and distribution. There was nothing in such excerpt itself nor in the testimony introduced showing or tending to show the identity of the William Turner referred to therein nor where he resided. Every William Turner in the United States, and perhaps elsewhere, as far as shown by the testimony, was as much entitled as appellee to the presumption that he was the person referred to in such excerpt, that he had suffered injury therefrom, and to sue for damages on account thereof. Such a situation therefore is easily distinguishable from that existing where a local publication purports to state a local event, libelous in character, and attributes the same to a person of the same name as one who actually resides in such locality. See, in this connection, Washington Post Co. v. Kennedy, 55 App.D.C. 162, 3 F.(2d) 207, 41 A.L.R. 483; Thorson v. Albert Lea Pub. Co., 190 Minn. 200, 251 N.W. 177, 90 A.L.R. 1169. The rule is expressed in 37 C.J. p. 74, § 473, as follows: "It is held that the identity of the name of the plaintiff and that of the person defamed is not of itself sufficient to show the identity of the person." Harlow v. Carroll, 6 App.D.C. 128; Hanson v. Globe Newspaper Co., 159 Mass. 293, 34 N.E. 462, 20 L.R.A. 856, and Finnegan v. Detroit Free Press Co., 78 Mich. 659, 44 N.W. 585, are cited in support of the text quoted. Practically all of the reported cases involve, in addition to identity or similarity of name, the recital of some other circumstance or circumstances tending to identify the complainant as the party referred to in the libelous article. Express Pub. Co. v. Osborn (Tex.Civ.App.) 151 S. W. 574, 575, par. 1; Hulbert v. New Nonpareil Co., 111 Iowa, 490, 82 N.W. 928, 929, pars. 1 and 3; Sweet v. Post Pub. Co., 215 Mass. 450, 102 N.E. 660 (2nd column), 47 L.R.A.(N.S.) 240, Ann.Cas.1914D, 533; Hanson v. Globe Newspaper Co., 159 Mass. 293, 34 N.F. 462, 20 L.R.A. 856; Morey v. Morning Journal Ass'n, 123 N.Y. 207, 25 N.E. 161, 9 L.R.A. 621, 20 Am.St.Rep. 730; Finnegan v. Detroit Free Press Co., 78 Mich. 659, 44 N.W. 585, 590, 591. See notes 26 A.L.R. p. 454, and 91 A.L.R. p. 1161. The issue of actual or apparent application of the libelous charges to appellee was, under the facts of this case, a question for the jury. 30 Tex.Jur. p. 618, § 24, and authorities cited in notes 1 and 2; 27 Tex.Jur. p. 414, § 6, and authorities cited in notes; Warren v. Hill (Tex.Civ.App.) 77 S.W.(2d) 322, 324, par. 3, and authorities there cited. Absent a finding on this controlling issue, the judgment is not supported by the verdict. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, par. 1; Bulin v. Smith (Tex.Com.App.) 1 S.W. (2d) 591; Northcutt v. Magnolia Petroleum Co. (Tex.Civ.App.) 90 S.W.(2d) 632, 634, par. 1; Murray Co. v. Gilbert (Tex. Civ.App.) 80 S.W.(2d) 805, 807, and authorities there cited; Texas Employers Ins. Ass'n v. Watkins (Tex.Civ.App.) 90 S.W. (2d) 622, 625, par. 6; Dallas Hotel Co. v. Davison (Tex.Com.App.) 23 S.W.(2d) 708, 713, par. 6, and authorities there cited.

Appellant presents propositions in which it insists that the court erred in submitting the issue of damages, in failing to instruct the jury with reference to the measure of such damages, and in failing to limit the same to such as proximately resulted from said publication. Appellee's allegations of damage were general and no testimony on such issue. other than proof of the circulation of the libelous publication, was introduced. The court told the jury in his charge that the excerpt from the published article hereinbefore quoted was libelous as a matter of law; that the law presumed that appellee had sustained nominal damages, but left to their consideration what amount should be given as compensation for the injury actually sustained thereby; and in that connection submitted the following issue: "What sum of money, if paid now in cash, would adequately compensate the plaintiff for injuries done him by the publication of said libelous matter?" The general and well-established rule is that the court should instruct the jury as to the measure of damages to be applied, and that it is reversible error for the court to fail to do so. Dees v. Thomason (Tex.Civ. App.) 71 S.W.(2d) 591, 592, par. 1 (writ refused), and authorities there cited. This rule is applicable in actions for libel. 27 Tex.Jur., p. 781, § 100. Compensation for the injury sustained is the measure of actual damages recoverable where the publication is libelous as a matter of law.

27 Tex.Jur. p. 690, § 53; Cotulla v. Kerr, 74 Tex. 89, 95, 11 S.W. 1058, 15 Am.St. Rep. 819; Houston Printing Co. v. Moulden, 15 Tex.Civ.App. 574, 41 S.W. 381, par. 14 (writ refused); Beeman St. Clair Co. v. Caradine (Tex.Civ.App.) 34 S.W. 980; Fort Worth Pub. Co. v. Armstrong (Tex.Civ.App.) 181 S.W. 554, 555, par. 3. Under a general allegation of damage, the plaintiff may in such cases, without specific proof, recover actual damages for injuries to his reputation and for mental suffering, provided the same are the direct and proximate result of the defamation. 37 C.J. p. 35, § 358; p. 38, § 361; 27 Tex. Jur. pp. 690 et seq. par. 53, and authorities cited in Note 14, and pars. 54, 55 and 56, and authorities cited in notes thereto; Houston Chronicle Pub. Co. v. Wegner (Tex.Civ.App.) 182 S.W. 45, par. 4 (writ refused); San Antonio Light Pub. Co. v. Lewy, 52 Tex.Civ.App. 22, 113 S.W. 574, pars. 6, 16 and 17 (writ refused). The court, in submitting the issue of damages on another trial, should conform to the rules announced in 27 Tex.Jur. p. 781, § 100, and authorities there cited, as far as the same are applicable to the case made by the pleadings and evidence.

■ Appellant presents various propositions in which it insists that the court erred in sustaining appellee's exceptions to its allegations concerning his general reputation and his prior convictions for other felonies and service of sentences thereunder. Appellant, as before recited, specifically alleged in that connection that appellee had theretofore on four separate occasions been convicted of at least 43 separate felonies, and that his punishment therefor had been assessed at confinement in the penitentiary for an aggregate of more than 135 years. All said convictions were alleged to be for offenses of the same general character and involving similar phases of moral turpitude as the offenses charged in this case. The reason for the common-law rule excluding, on the issue of damages to reputation or the extent of mental suffering endured by the complainant, testimony that he had committed other specific offenses, was based largely upon the theory that while he should always be prepared to meet an accusation affecting his general reputation, he could not be reasonably expected to be prepared to disprove every particular charge of misconduct which the testimony introduced by the defendant might tend to prove, and upon the further theory that proof of other charges would involve numerous collateral issues. These reasons have little if any application in this case, because appellee was fully advised by the pleadings to which his exceptions were sustained of the particular convictions which appellant sought to prove, all but three of which were alleged to be final judgments of record in the court in which this cause was tried, and because testimony showing prior arrests or convictions for similar offenses has been held admissible in this state on the degree of mental suffering endured. Texas Midland R. R. v. Dean, 98 Tex. 517, 522, 85 S.W. 1135, 70 L.R.A. 943; Collins v. Clark, 30 Tex.Civ.App. 341, 72 S.W. 97, 98 (writ refused); Houston & T. C. R. Co. v. Ritter, 16 Tex.Civ.App. 482, 41 S.W. 753, par. 3. We think, however, that regardless of the foregoing, testimony in support of appellant's allegations of said several convictions and the assessment of terms of penal servitude as punishment therefor was admissible under the express provisions of article 5431 of our Revised Statutes as amended in 1927 (40th Leg., p. 121, c. 80, § 1 [Vernon's Ann.Civ.St. art. 5431]), which is in part as follows: "In any action for libel, *in determining the extent and source of actual damage* and in mitigation of exemplary or punitive damage, the defendant may give in evidence, if specially pleaded, *all material facts and circumstances surrounding such claim of damage* and the defense thereto." (Italics ours.)

In the case of Macfadden's Publications, Inc., v. Hardy, 95 S.W.(2d) 1023, this day decided, we held that said amendment enlarged the scope of defensive testimony admissible in cases of libel charging the commission of a felony, so as to include testimony of prior convictions of certain other felonies alleged in that case. Reference is here made to the authorities cited in that case on this issue. We therefore conclude that the court erred in sustaining exceptions to appellant's allegations with reference to prior convictions of appellee.

The judgment of the trial court is reversed, and the cause is remanded.