FT. WORTH PUB. CO. v. ARMSTRONG. (No. 5527.)

(Court of Civil Appeals of Texas. Austin. Dec. 1, 1915.)

**1. EVIDENCE** ⬤⇒208—PLEADING AS EVIDENCE.

Where in an action of libel defendant had filed a plea asserting the truth of the published charge, that plaintiff had confessed to participation in a homicide, but such plea was subsequently abandoned and superseded by an amended answer, and plaintiff filed no plea counting on such former answer as a libel, it was error to allow plaintiff to introduce the former answer in evidence, since it constituted no part of his cause of action.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 713–725; Dec. Dig. ⬤⇒208.]

**2. EVIDENCE** ⬤⇒208—PLEADING AS EVIDENCE.

Plaintiff having sued in such action for actual damages only and not for punitory damages, such former answer was not admissible in evidence for any purpose.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 713–725; Dec. Dig. ⬤⇒208.]

**3. TRIAL** ⬤⇒251—INSTRUCTIONS—APPLICABILITY TO PLEADING.

A charge in such action that the jury might, in assessing damages, consider the fact

that defendant had filed and withdrawn such answer was error, since in the absence of a demand for punitory damages, the measure of damages was limited to compensation for the actual injury caused by the original libelous publication on which the action was based.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. ☞251.]

4. LIBEL AND SLANDER ☞7—CONFESSION TO MURDER—CHARGE LIBELOUS PER SE.

Where defendant published in a newspaper that plaintiff had after 25 years silence confessed to taking part in a homicide, saying that he was getting old and wanted to clear his mind of the affair, and at the time of such publication there were persons living who knew that it was generally understood that the homicide was murder, and it was a well-known fact that the person killed was assassinated in the nighttime by one or more persons, such publication was libelous per se as charging the confession of a crime.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 17–78; Dec. Dig. ☞7.]

Appeal from District Court, Coleman County; Jno. W. Goodwin, Judge.

Action by Theodore Armstrong against the Ft. Worth Publishing Company. Judgment for plaintiff, and defendant appeals. Reversed.

See, also, 175 S. W. 1113.

Sidney L. Samuels and P. W. Brown, both of Ft. Worth, and Woodward & Baker, of Coleman, for appellant. Snodgrass, Dibrell & Snodgrass and Critz & Woodward, all of Coleman, for appellee.

KEY, C. J. This is a libel suit, at the trial of which the plaintiff obtained a verdict and judgment against the defendant for $1,000, and the latter has appealed.

[1] We sustain the eighteenth assignment of error, which complains of the action of the trial court in permitting the plaintiff, over the defendant's objection, to read in evidence to the jury a portion of a former answer filed by the defendant, wherein it was alleged that the statements in the publication alleged to state a libel were in fact true. The publication which constituted the libel was as follows:

"Confesses to Killing 25 Years Afterwards.

"Farmer Surrenders to Belton Authorities for Part in Slaying of a Former Sheriff.

"Belton, Texas, No. 15—After 25 years of secrecy, Theodore Armstrong, a Bell county farmer, yesterday went to the sheriff's office and confessed taking part in the killing of former sheriff John Olive. He was allowed to make $10,000 appearance bond.

"At the time of the killing a grand jury considered the case but failed to indict Armstrong and since then no grand jury has given the matter attention. Armstrong said he was getting old and wished to clear his mind of the affair."

An answer which had been abandoned and was superseded by the amended answer upon which the case was tried contained these averments:

"This defendant alleges that it is true that plaintiff Theodore Armstrong did participate or take part in the killing of former sheriff John Olive; that he did subsequent to said killing and prior to the publication of said article by defendant, confess that he had taken part in said killing * * * and in this connection avers that, in substance, the article published by defendant was true."

Over appellant's objection, the trial court permitted appellee to read to the jury as evidence the two extracts above quoted from the defendant's former answer.

[2] The plaintiff filed no plea alleging that the filing of the answer containing those averments constituted libel, and therefore, if for no other reason, was not entitled to introduce them in evidence as constituting any part of his cause of action; and, as he sued for actual damages only and did not sue to recover punitory damages, such written statements signed by the defendant were not admissible in evidence for any purpose. Express Printing Co. v. Copeland, 64 Tex. 354; Young v. Kuhn, 71 Tex. 651, 9 S. W. 860. In fact, inasmuch as our Supreme Court holds in the case cited that because a statute grants to a defendant the privilege of filing inconsistent pleas the plaintiff has no right to introduce in evidence any portion of the defendant's answer, it would seem, as the averments referred to were contained in an answer, under no circumstances would the plaintiff have the right to introduce them in evidence. It is true that at the time this case was tried the statute was in force which required parties to swear to the facts set up in their pleadings; but that statute in terms re-enacted the former statute, authorizing a defendant to plead as many matters of defense as he saw proper, and in construing which statute the Supreme Court had held that it granted the right to file inconsistent pleas, and, therefore, if in one plea a defendant denied any fact alleged by the plaintiff, he could file another plea admitting that fact, but that such other plea could not be used as evidence against him. The statute requiring pleadings to be sworn to having brought forward and re-enacted that statute, we see no sufficient reason why it should be given a different construction from that formerly placed upon it by the Supreme Court. But, as a matter of fact, the defendant's plea which was introduced in evidence by the plaintiff in this case, was not necessarily inconsistent with any other plea it had filed, nor did it tend to prove any fact alleged in the plaintiff's petition and not admitted by the defendant in its answer. The harm which probably resulted from the introduction of that plea and the charge of the court hereafter to be considered, arises out of the fact that the jury probably treated the averments contained in that plea as an additional libel and allowed the plaintiff compensation therefor.

[3] We also sustain the twenty-fifth assignment of error complaining of that paragraph of the court's charge which instructed the

jury that they might consider the fact that appellant had filed a plea alleging the truth of the libelous matter in assessing damages. As the plaintiff did not seek to recover punitory damages, the measure of damages was limited to reasonable and fair compensation for the actual injury which resulted, not from filing the plea referred to, but from the publication of the libelous article upon which the plaintiff based his cause of action; and, therefore, the error committed by the court in permitting appellee to introduce in evidence the pleading referred to was aggravated and rendered more harmful by the court's instructing the jury that they might consider the fact that the plea mentioned was filed and withdrawn in determining the amount of damages appellee was entitled to.

[4] We think the trial court ruled correctly in holding that the publication constituted a libel per se, the plaintiff having alleged and proved that it was a well-known fact in Bell and other counties that Sheriff Olive was assassinated in the nighttime by one or more unknown persons. While it is true that the killing referred to occurred more than 20 years prior to the publication, it is also true that many persons are still living who are aware of the fact that it was generally understood that whoever assassinated Olive committed the offense of murder; and every person who read the publication complained of would necessarily understand it to mean that plaintiff Armstrong had confessed that he participated in the murder of Olive, and was guilty of that offense. In fact, we are strongly inclined to the view that any one reading the publication would construe it as charging that appellee had confessed to the commission of a crime.

All the other questions presented in appellant's brief have been considered and are decided against it. For the error pointed out, and for the reasons stated, the judgment is reversed, and the cause remanded.

Reversed and remanded.