Campbell v. Bannister.

---

CASE 37—ORDINARY—DECEMBER 16, 1880.

## Campbell v. Bannister.

APPEAL FROM MARION CIRCUIT COURT.

1. One whose house has been set on fire may, with proper precaution and without malice, tell his family his suspicions as to who did it, and, so doing, will not be liable to an action by a person wrongfully accused.

2. The fact that he repeated the accusation to others may be given in evidence to show that the communication to his family was malicious.

3. A new assignment re-states, in a more minute and circumstantial manner, the cause of action. It is in the nature of a new petition.

Campbell v. Bannister.

4. Evidence of appellant's bad character was admissible, but only such witnesses as knew his reputation were competent. Evidence as to particular facts is not competent.

5. Appellee had the right to testify, and state that when he told his wife appellant burned his house, he told her not to speak of it.

6. Appellee is not restricted, in proof of bad character, to such persons as he had heard speak of appellant.

7. Appellee had no right to say to a juror "don't hang." It was an insult to the juror and a contempt of court.

RUSSELL & AVERITT AND THOMAS & FOGLE FOR APPELLANT.

1. The court erred in putting the burden of proof on the appellee.
2. It erred in letting in proof that did not point to general reputation.
3. The refusal of the court to permit proof that appellee had conveyed away and hid his estate since the suit, was erroneous.
4. The instructions for appellee are error.
5. Appellee's remark to the juror was ground for a new trial.

W. B. HARRISON FOR APPELLEE.

1. Several errors were committed, but all against appellee.
2. The pleadings are not sufficient to authorize a judgment against appellee.
3. The defense is affirmative, and appellee takes the burden of proof.
4. Confidential communications between persons as to a matter in which they are mutually interested are privileged. (Bac. Ab., title Slander, letter D, sec. 5; 2 Greenleaf's Ev., 384, 383; Grimes v. Coyle, 6 B. Mon.)
5. The court ought to have told the jury not to increase the damages on account of other words spoken of appellant. (Letton v. Young, 2 Met., 561.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

This was an action for slander in charging the plaintiff with the crime of arson. The defendant, by his answer, admitted that he spoke the words charged, but averred they were spoken to his wife in the privacy of his family, and were accidentally overheard by another person in the house, but not known to be within hearing, and thus, without having been so intended by him, became public. And he further averred that this was done without malice, and was the wrong and injury complained of in the petition.

Campbell v. Bannister.

In his reply, the plaintiff averred that it was not true that the defendant spoke the words complained of under the circumstances stated in the answer; and he also averred that the defendant had often spoken the words, or the substance of them, in the presence of divers persons.

With the pleadings in this condition, the parties went to trial, which resulted in a verdict for the plaintiff for one cent in damages, and his motion for a new trial having been overruled, he has appealed.

One whose house has been set on fire may communicate to his family, under proper precautions, and without malice, his suspicions as to who the incendiary is, and he will not be responsible to a person falsely accused for so doing.

If he be sued, the fact that he repeated the accusation to others may be given in evidence, for the purpose of proving that the communication to his family was malicious, and that was the only purpose for which evidence of other publications of the defamatory words was admissible in this case.

The plaintiff, having traversed the allegations of the answer, had no right to recover for any other publication than that admitted in the answer.

If that was not the publication for which he sued, he should have filed an amended petition, setting forth his cause of action more minutely and circumstantially, and could not, by anything contained in his reply, draw the defendant away from the particular publication admitted in the answer. This could only be done by a new assignment.

A new assignment is not, properly speaking, a replication, since it does not profess to reply to anything contained in the defendant's answer, but throws aside as useless the previous pleading, or rather re-states, in a more minute and circumstantial manner, the cause of action alleged in the

petition which the defendant, through mistake or design, has omitted to answer. It is, therefore, in the nature of a new petition, or rather it is a more precise and particular repetition of the matter contained in the original petition, so as to indicate that the plaintiff is suing for a matter other than that to which the answer relates. (Chitty on Pl., p. 653.)

Having failed to new assign and traverse the averment in the answer that the words were only published in the manner and under the circumstances stated in the answer, whether they were so published was the only issue to be tried. And on that issue the burden was on the defendant, and there was no error in permitting him to conclude the argument to the jury, and the only question that should have been submitted to the jury was, whether the words were spoken maliciously, there being no averment in the answer that they were true.

Much irrelevant and incompetent testimony was admitted, some of which was objected to, and some was not, and, without undertaking to state each item of such evidence, we will endeavor to lay down some general rules relating to each class of evidence deemed improper, or which, though objected to, is deemed competent.

Evidence of the general bad character of the plaintiff was admissible, but only such witnesses as were acquainted with his reputation among his neighbors were competent to speak of his general character, and evidence relating to particular facts or circumstances supposed to affect his general character, or tending to prove that he set fire to another house, or that he would have profited by the burning of the defendant's house, should not have been admitted. And while evidence of the publication of the same defamatory

Campbell v. Bannister.

words at other times was admissible to prove malice in publishing the words in his family, the jury should have been told distinctly and clearly that it was admitted for that purpose alone, and that if they found for the plaintiff, they should not increase the damages on account of other publications. (Letton v. Young, 2 Met., 558.)

The defendant had a right to testify that when he told his wife that the plaintiff had set fire to the house that he also told her not to accuse any one, and not to tell her brother. Such evidence tended to rebut the evidence conducing to prove malice, and for the same reason he had a right to prove that after he learned that his wife's brother had overheard what he told her, he had "begged him to say nothing about it," and to testify that when he communicated his suspicions to his wife he believed what he told her was true. But as to this latter evidence, the jury should have been cautioned that it was admitted to rebut evidence of malice, and for no other purpose, and that it did not conduce to prove that the plaintiff was guilty of setting the house on fire.

Nor was the defendant restricted in giving evidence of the plaintiff's bad character to such witnesses as he had heard speak of the plaintiff's character before the alleged slander was spoken.

This objection proceeds upon a misapprehension of the purpose for which such evidence is admitted. The plaintiff's character, however bad, furnishes no excuse for speaking the words.

The only legitimate effect of such evidence is to reduce the damages. A person whose reputation is bad is, in con-

Campbell v. Bannister.

templation of the law as well as in fact, injured less by a slander than one whose reputation has previously been good.

Evidence of statements made by Turner, a witness for the plaintiff, was admitted over the plaintiff's objections. This was error. The only effect of the evidence admitted was to impair the credit of the witness by proof of statements made by him about which he was not asked, and which he had no opportunity to deny or explain.

One of the grounds assigned for a new trial was misconduct of the defendant in talking to a juror during the trial.

In support of this ground, an affidavit was filed, and not controverted, from which it appears that the defendant passed near one of the jurors during a recess of the court, and said in his hearing, "don't hang."

This was evidently intended to convey to the juror the wish of the defendant that the jury should not disagree, but find a verdict.

It was an insult to the juror, and a contempt of court, and a new trial should have been awarded on that, if there had been no other sufficient ground.

The rulings of the court upon questions relating to the admission and rejection of evidence, and in giving and refusing instructions, were not in conformity to the foregoing views, and the judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.