JOSEPHINE PARKER *v.* ALEX. COTURE.

*Assault with Intent to Ravish.   Mitigation of damages.*

In a civil action for an assault with intent to ravish, the defendant may show in mitigation of actual damages that the plaintiff was vulgar and obscene in conduct and language.

Trespass for an assault with intent to ravish, returnable to the City Court of Burlington. Trial by court, February 19, 1889, Peck, J. Judgment for the plaintiff for one hundred dollars damages and costs. The defendant excepts.

The point decided appears in the opinion.

*Henry Ballard* and *A. G. Whittemore*, for the defendant.

Evidence of the plaintiff's character should have been admitted.

Sedg. Dam. 575-8; *Shackett* v. *Hammond*, 46 Vt. 466; Hill. Rem. for Tor. 398.

*J. A. Brown*, for the plaintiff.

Evidence of the plaintiff's conduct is admissible only when so recent as to have afforded a provocation for the assault.

Sedg. Dam. 555; *Weston* v. *Gravlin*, 49 Vt. 507.

The opinion of the court was delivered by

ROWELL, J. This is an action of trespass for assault and battery with intent to ravish. The plaintiff recovered a hundred dollars, but whether anything was included for exemplary damages does not appear; and as such damages are not recoverable as matter of right but only as matter of discretion, we cannot assume that any were allowed.

On the question of damages the defendant offered to show that plaintiff was in the habit of obeying the calls of nature in her back yard in plain sight of his family, and that men and boys addressed obscene language to her without apparent offence on her part, but that she joined in the conversation. He said he was not able to prove acts of unchastity on her part nor that she was of unchaste character.

Claim is made that it does not appear but that the offer related to a time so remote as to make the testimony inadmissible though relevant. But a majority deem it as relating to a time sufficiently recent to give color to plaintiff's character in this respect at the time of the assault.

In civil cases, when character is material as affecting the amount of damages, plaintiff puts his character in issue as far as that question is concerned, and therefore evidence respecting it as to the particular in which it is claimed to have been injured, is relevant.

Thus, in slander for imputing adultery, defendant may show in reduction of damages that before and at the time of speaking the words plaintiff was commonly reputed to be an unchaste and a licentious man; and this, as tending to show the value of the character for injury to which he seeks to recover. *Bridgman* v. *Hopkins*, 34 Vt. 532.

So in actions for seduction, as the parent recovers not only for loss of service but for wounded feelings also, the defendant may show the loose character and conduct of the daughter.

So in trespass for assault and battery with intent to ravish, shock to the sensibility of modesty and wounded feelings consequent thereon, constitute a peculiar and an important element of actual damages and one of the principal grounds of awarding them; and therefore plaintiff puts her character in issue in this respect when she asks for damages on that score.

It cannot be said that a woman without modesty would suffer as much from an assault of this kind as a woman with modesty;

Parker *v.* Coture.

and if it cannot be shown that the former has no modesty to shock, she is put on an equality with the latter, and may recover for injury to that which she does not possess. *Ford* v. *Jones*, 62 Barb. 484.

*Judgment reversed and cause remanded.*