## A. B. COLLINS V. S. P. CLARK ET AL.

### Decided November 8, 1902.

**1.—Damages—Injury to Reputation—Evidence.**

Where the action was against officers for wrongful entry and search of plaintiff's house, and special damages were asked for the humiliation and disgrace caused thereby to plaintiff and his family, and the injury to their standing in the community, evidence was admissible for the defendants showing that two women who were common prostitutes had occupied the same house in which plaintiff resided, one of them rooming with plaintiff's family in the capacity of a servant, such evidence being limited by the charge to the issue of special damages.

**2.—Charge—Preponderance of Evidence.**

It was not error, this being a civil suit, for the court to refuse a special charge that required defendants to prove, not merely by a preponderance of the evidence, but to the "satisfaction" of the jury, that they had permission to make the search.

**3.—Same—Burden of Proof—Two Grounds of Recovery.**

Where plaintiff alleged that the entry and search of his house by defendants without the consent and against the protest of his wife, a charge that the burden of proof was on plaintiff to make out his case by a preponderance of the evidence did not impose on him the burden of proving want of consent unless that was necessary to make out his case.

**4.—Same—Submission of Issue.**

Where the charge submitted the issue just as plaintiff had tendered it in his pleadings and evidence,—that is, that the search had been made without the consent and over the protest of his wife,—it was not subject to criticism as being too onerous in that it required proof of both these facts.

**5.—Trial—Argument of Counsel.**

It is not error for the court to refuse to allow two arguments by plaintiff's counsel where counsel for defendant, after hearing the opening argument, decline to argue the case.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Stillwell H. Russell* and *Greene & Stewart,* for appellant.

*Capps & Cantey* and *Theodore Mack,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—In August, 1900, S. P. Clark, the sheriff of Tarrant County, and L. T. Lyle, without warrant or other written authority, and while appellant was in Colorado for his health, entered and searched the house occupied by appellant's family in Fort Worth. Suit was consequently brought against Clark and Lyle for general, special, and vindictive damages, and resulted in a verdict and judgment in their favor, from which this appeal is prosecuted. Whether the search was made with the consent or over the protest of appellant's wife was the main issue in the case, and on it the evidence was decidedly conflicting, but quite sufficient to sustain the verdict.

Under the first assignment of error it is earnestly and plausibly insisted by counsel for appellant that the court erred in permitting appel-

lees to prove that two certain women called Dempsey and Edna, one of whom a short time before the search occupied a part of the house in which appellant's family resided, though separated by a hall, and the other roomed with appellant's family, though in the capacity of a servant, were common prostitutes.

The proposition submitted under the assignment is that the evidence was "too remote" and "wholly immaterial." Appellee sought to recover special damages for the deep humiliation and disgrace and for the "great mental suffering and anguish" of himself and family, consisting of a wife and two children; alleging that they had lived "honest and honorable lives," and, prior to the wrongs complained of, "had the good will and esteem of their neighbors, friends and acquaintances, and had been regarded by them as honest and honorable people, entitled to and receiving and enjoying the respect and confidence of all their said acquaintances, friends and neighbors;" and further alleging that "the family. was thereby brought into disgrace among their neighbors and acquaintances;" that "the children of the neighbors pointed the finger of scorn at his poor little girl and refused to associate with her," etc. The court, in admitting the testimony (which came in part from one of appellant's near neighbors), expressly limited it to the issue so tendered by appellant. It is insisted in argument that appellant's wife had no knowledge of the bad character of the women, and this may be true; but it appears to have been notorious, and after a careful examination of the testimony, including even that of appellant's wife, we have come to the conclusion that it was for the jury and not for the judge to determine how this was. We can not very well distinguish the ruling complained of from the one made by this court in Railway v. Ritter, 16 Texas Civil Appeals, 482, 41 Southwestern Reporter, 753, where the reason of the rule was succinctly stated in the opinion of Chief Justice Tarlton, to which we refer with approval. Besides, as this evidence was limited to the measure of damages, and the only ground of objection submitted in the proposition under the assignment is that of irrelevancy, and as the jury found against appellant's right to recover at all, the assignment would probably have to be overruled without reference to the merits of the question involved. True, it is argued that it had a tendency to prejudice the jury against appellant on the main issue, but this is not submitted as a distinct proposition in the brief.

We overrule the assignment complaining of the court's refusal to give the special charge quoted therein, because it required appellees to prove not merely by a preponderance of the evidence, but to the "satisfaction" of the jury; that they had permission to make the search. It has been repeatedly decided that such a charge requires more than is required by law in a civil suit. But it is urged in the next assignment that the following charge given by the court erroneously placed the burden of proof on appellant to show that appellees did not have consent to make the search: "The burden of proof is upon plaintiff to make out his case by a preponderance of the evidence, and if he has not done.

so, then your verdict will be in favor of said defendants, Clark and Lyle."

Appellant affirmatively charged the search to have been made without the consent and against the protest of his wife, but if, as contended by him, it was not necessary for him to prove this fact in order to make out his case, the charge complained of imposed no such burden upon him, for it only required him to make out his case. Other wrongful acts besides the unlawful search were made grounds of recovery in the petition, and were submitted as such in the charge. The assignment itself does not embody the proposition—and no proposition is submitted under it—that this charge, as the issues stood when the testimony was all in, was misleading, and should not therefore have been given, so as to bring the case within that line of decisions cited in Root v. Baldwin, 52 Southwestern Reporter, 588.

The charge complained of in the fourth assignment submitted the issue just as appellant had tendered it both in his pleadings and evidence, that is, that the search had been made without the consent and over the protest of his wife, and is therefore not subject to the criticism that it was onerous for requiring proof of both these facts. If the jury had accepted the version of appellant, the evidence was such as to require a finding in his favor, not only of a want of consent, but also of protest on the part of his wife.

The only remaining assignment complains of the court's refusal to allow two arguments for appellant, counsel for appellees declining to argue the case after hearing counsel for appellant in the opening, but we find no merit in this complaint. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.