## HIXSON *v.* COOK.

### Opinion delivered October 1, 1917.

1. SALES—SALE OF UNWHOLESOME MEAT—REFUND OF PURCHASE PRICE.
   —One who sells unwholesome meat to a butcher may be compelled
   to refund the purchase price to the butcher, although the butcher
   was not required by his customers to refund.

2. SALES—UNWHOLESOME MEAT—PUNITIVE DAMAGES.—If one sells
   diseased meat without making that fact known to his vendee, and
   does so maliciously, or with knowledge or reason to believe that
   the sale of the meat would cause injury, and, so knowing, or hav-
   ing reason to so believe, sells the meat with a conscious indiffer-
   ence to consequences, he may be required to respond in punitive
   damages.

Appeal from Logan Circuit Court, Northern District; *James Cochran*, Judge; affirmed.

*Robert J. White*, for appellant.

1. The court erred in its instructions to the jury. None of the meat was lost or thrown away, but was all sold and the purchasers were satisfied. Plaintiff sustained no loss nor injury. The verdict is against the evidence. There is no evidence that defendant knew or had reasonable grounds to believe the hog was diseased. There is an entire failure of proof. 68 S. W. 277; 111 N. E. 785; 100 *Id.* 1078; 8 S. W. 667; Kirby's Digest § 1701.

2. The definition of diseased given by the court is not correct. 68 S. W. 277; 113 N. W. 566; 139 Iowa 140; 101 N. W. 61; 17 L. R. A. a 260.

3. The testimony of plaintiff was too remote and uncertain as to loss and damages. 124 Ark. 206; 111 N. E. 785; 100 N. E. 1078. Negligence must be proven. 45 N. E. 253.

4. The judgment is contrary to the instructions, as there was no proof that defendant sold any hog to plaintiff or that he knowingly sold him a diseased hog.

*D. E. Johnson* and *Sid White*, for appellee.

1. There is no error in the instructions. Actual loss was unnecessary as the sale was illegal, prohibited by law. 91 Ark. 72; 47 *Id.* 381; 42 *Id.* 208; Kirby's Digest, § 1701.

2. The law was correctly stated in Nos. 2, 4 and 7. Hale on Torts, 220.

3. Nos. 4, 5 and 8 are correct. 104 Ark. 89, 93; 90 *Id.* 462.

4. The court properly allowed compensation and punitive damages. Hale on Torts, 205; Field on Damages (Rev. Ed.) 65; 3 Ark. 227.

5. Appellant knew the hog was diseased. The jury settled the question. 104 Ark. 162. There was an implied warranty of health and soundness. 76 Ark. 352; 14 *Id.* 301; 19 *Id.* 194.

6. There was no defect of parties; if so, it was waived. 75 Ark. 288; 66 *Id.* 560.

7. All errors of law in refusing instructions, if any, were cured by others given. 92 Ark. 71, 94; *Id.* 511; 87 *Id.* 308. See also 76 Ark. 4; 81 *Id.* 16; 98 *Id.* 83; 92 *Id.* 534. The judgment is right on the whole case and should be affirmed.

SMITH, J. Appellee ran a butcher shop in the town of Paris, and on November 11, 1916, bought from appellant a hog, to be butchered and sold to his customers. He now says that the hog was sick and diseased, and that he bought it without knowledge of that fact, and sold the meat to his customers, and that he learned its condition only when some of his customers, who had been made sick, complained to him about the meat. He sued for damages, both compensatory and punitive, and recovered compensatory damages in the sum of $23, which was the amount paid for the hog, and punitive damages in the sum of $100.

There was evidence that the hog was not in condition, and appellant says the hog was choked. He applied to a Doctor Weisly for advice, and was told to kill the hog, that if there was only a choke the meat would be all right and that he would find the object which was choking the hog, but that if there was some other trouble he would find the lungs black or spotted, in which event the hog should be burned or destroyed. The man who butchered the hog testified that he found the knuckle of a bone, about the size of a pea, in the windpipe, and that he found spots, the size of a pea, on the lungs. The county health officer testified that the spots found indicated a diseased condition. Appellant undertook to sell the hog to several persons whom he told that it had choked, but none would buy, when finally he sold it to appellee without mentioning the circumstances under which it was killed.

It was shown that appellant killed only the hog in question on the 11th, and that pork bought at appellee's shop the next day had an offensive odor while being

cooked, and four members of one family who ate portions of it became ill. Appellant testified that the hog was not diseased except that it was choked, but that if it was, in fact, diseased, he was unaware of that fact when he sold it to appellee.

(1) The appellant requested an instruction which told the jury that, if appellee had sold the hog for more than he paid for it, and had not refunded the money so received, there could be no recovery of the purchase price of the hog. This instruction was properly refused. By section 1701 of Kirby's Digest, it is made a misdemeanor to knowingly sell unwholesome meat. But, whether knowingly sold or not, if it was, in fact, unwholesome, the sale was without consideration, and there was a breach of the implied warranty that the meat was fit for food, as it had been sold for that purpose. Appellant could not, therefore, refuse to refund the price of the hog because appellee's customers did not also require appellee to refund.

Over appellant's objection, the court gave the following instruction on the subject of punitive damages:

"No. 4. If you find from the evidence fairly preponderating that defendant sold to plaintiff the diseased meat of a certain diseased hog, without making fully known to plaintiff said diseased condition and the fact that it was so diseased, and further find from the evidence fairly preponderating that said sale was made by defendant maliciously or that defendant at the time knew or had reason to believe that his act in so selling said meat and said hog to plaintiff was about to and would cause plaintiff injury, and so knowing or having reason to believe continued to and did sell the same to plaintiff with a conscious indifference to the consequences, then in that event plaintiff must have a verdict for punitive damages."

(2) It is insisted that this instruction is not the law, and that it is abstract. We think, however, that it correctly declares the law, and that it is not open to the objection of being abstract. Certainly, if one sells diseased meat without making that fact known to his vendee, and does so maliciously, or with knowledge or reason to be-

lieve that the sale of the meat would cause injury, and, so knowing, or having reason to so believe, sells the meat with a conscious indifference to the consequences, he should pay some damages as punishment for such conduct. The instruction set out imposed these requirements, and if the jury found the facts to be as there hypothetically stated, the verdict returned was one against which appellant has no right to complain.

The instruction does not appear to be abstract, because the testimony shows that appellant failed to sell the hog to persons to whom he stated that the hog had choked, and that the hog was sold to appellee without any disclosure of facts concerning its condition. It was shown that appellee sustained a loss of customers in his business by the report which gained currency that he had sold diseased meat to his customers. Nothing was found in the hog's throat which was apparently sufficient to choke it. Appellant himself stated that the object found in the hog's throat was not apparently sufficient to choke it. And spots were found on the lungs which appellant had been told would indicate disease. These were questions of fact for the jury, which have been resolved against appellant.

It is insisted that the testimony shows that the hog was sold to appellee and one Pearson, who were at the time of its purchase associated together in the butcher business, and inasmuch as Pearson was not made a party to this suit, there was a defect of parties plaintiff. But no such question was raised by the pleadings, or in the trial below, and it can not, therefore, he raised here for the first time. *Jones* v. *Seymour,* 95 Ark. 593.

The instructions given submitted the case to the jury in accordance with the views here expressed, and, as we find no prejudicial error in the record, the judgment is affirmed.