VanHoozer *v.* Butler.

Opinion delivered November 26, 1917.

1. MALICIOUS PROSECUTION—FINAL TERMINATION OF THE PROSECUTION.—The complaint charged that the appellant said of appellee: "John Butler is a dirty liar and a thief." *Held,* the charge of the court was correct that the words used were actionable *per se,* and for the jury to find for appellee, if they found that the words were used by appellant with reference to appellee.

2. TRIAL—BIAS OF JUROR—NEW TRIAL.—Under Kirby's Digest, § 4492, no person may be sworn as a juror who has formed or expressed an opinion concerning the matter in controversy, and if he conceals that fact when interrogated as a juror, and thereby imposes himself upon the litigants, the court should grant a new trial when these facts are made to appear. (After examination of the juror, if the trial court determines that he does not come within the rule, and refuses a new trial, the action of the trial court will not be disturbed on appeal.)

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*Hon & Woods* and *E. H. McCulloch,* for appellant.

1. The court erred in failing to make the husband a party defendant. 44 Ark. 401; 92 *Id.* 486; 98 *Id.* 312; 102 *Id.* 351; 103 *Id.* 196; Acts 1915, No. 159: 119 Tenn. 425; 123 Am. St. 734; 92 *Id.* 160; Am. Ann. Cas. 1913-D, 995.

2. It was error to refuse a new trial for misconduct of the juror Turner. 29 Ark. 293; 41 Fed. 676; 6 Ill. 659; 6 Ky. 347; 7 *Id.* 191; 18 Miss. 25; 4 Vt. 363; 21 Ark. 336; 60 *Id.* 221; 61 *Id.* 354.

3. The verdict is contrary to the law and the evidence. The words were not actionable *per se.* 40 Oh. St. 99; 32 Cent. Dig., § 99; 79 Ill. 58; 40 Iowa 660; 15 Am. Dec. 122; 12 Minn. 494; 57 Mo. App. 528; 2 Ed. Smith, 388; 56 Ark. 97. The court failed to instruct the jury to disregard the question of punitive damages.

*Sam R. Chew,* for appellee.

1. The record fails to show that it contains all the evidence. 46 Ark. 67; 58 *Id.* 399; 74 *Id.* 551; 37 *Id.* 57; 101 *Id.* 555.

2. No exceptions were saved to the instructions. 78 *Id.* 490; 89 *Id.* 24; 79 *Id.* 176; 92 *Id.* 598; 105 *Id.* 353; 95 *Id.* 363; 78 *Id.* 374.

3. No request was made for instructions on punitive damages. 56 Ark. 594; 60 *Id.* 550; 60 *Id.* 613; 92 *Id.* 111.

4. No request was made to join the husband. The wife is liable for her torts. Acts 1915, 684; 125 Ark. 526, etc. It is too late to raise the question here for the first time. 94 Ark. 51; 93 *Id.* 346; 33 *Id.* 497; 34 *Id.* 73; 75 *Id.* 288; 97 *Id.* 560.

5. The words were actionable *per se.* 55 Ark. 494; 56 *Id.* 100.

6. Turner was a competent juror and accepted by both sides. Kirby's Digest, § § 4492-4.

SMITH, J. Appellant is a married woman, and was sued alone for slander. The complaint alleged that she said of and concerning appellee, who was the plaintiff below, that "John Butler is a dirty liar and a thief, meaning thereby to charge the plaintiff with having been guilty of committing a theft." Appellee was appellant's tenant on her farm, and they had disagreed about the rent, and she desired to eject him from the farm. One witness for appellee testified that appellant had said

that she wanted appellee to move from her place because he was a liar and a thief and she did not want him about her. Another witness testified that appellant had said appellee was not a proper character to have on her place, that he was a devil and a thief and a snake in the grass. And substantially the same testimony was given by another witness. These remarks, according to the witnesses, were made at different times by appellant to persons who sought to pacify her when she spoke to them about appellee and evidenced great bitterness of feeling.

Appellant denied having made the remarks attributed to her, and testified that one of the witnesses against her was a partisan of her adversary, and had sided with him in her controversy over the land, and had himself denounced her for her attempt to eject appellee from the farm, and she denied making the remark testified to by the other witnesses. She also testified that during the period of time when the remarks derogatory to appellee were said to have been made she was confined to her bed with a mental and physical disorder. But the suit was not defended upon the ground that appellant was mentally irresponsible.

(1) The court charged the jury that the words alleged to have been used were actionable *per se,* and to find for the plaintiff in some sum, if they found they were used by appellant with reference to him; but gave no instructions on the subject of punitive damages, although both compensatory and punitive damages were sued for.

The testimony developed the fact that appellant was a married woman. But no request was made that her husband be joined as a defendant, and no instruction was asked on that subject, and the court was not requested to make any order in regard thereto. If it be conceded that the husband is a proper party—which we do not decide—that question can not be raised here for the first time. *Hixson* v. *Cook,* 130 Ark. 401.

Nor can we review the action of the court in giving or refusing instructions, as no exceptions in this respect appear in the motion for a new trial.

Appellant insists that the court erred in instructing the jury that the words alleged to have been employed were actionable *per se,* and that such would not be the case if they were used as mere terms of abuse, and that from the circumstances under which they were used it was apparent that they were not intended or understood as charging a felony or a crime. But we have no such question in this case. The words alleged to have been used were not addressed to appellee, but were said about him, and the suit was not defended upon the ground that the words used were mere epithets and were not intended nor understood as imputing the charge which their ordinary meaning implies, and the court did not err in the charge on this subject. *Stallings* v. *Whittaker,* 55 Ark. 494; *Gaines* v. *Belding,* 56 Ark. 94; *Jackson* v. *Williams,* 92 Ark. 486.

(2)   The serious question in the case is whether or not error was committed in refusing to grant a new trial on account of the misconduct of R. B. Turner, a juror. Affidavits were filed by witnesses Wackerly and Alvis to the effect that prior to the trial Turner, who appeared to be familiar with the case, had stated to them that appellee ought to recover damages in his suit.   These witnesses were examined before the court, and, while they substantially repeated the material part of their affidavits, their testimony, taken as a whole, somewhat modified their affidavits.   The juror was also examined in open court on the hearing of the motion for a new trial, and he testified that he knew the parties to this litigation, as he lived in the neighborhood in which they resided, and that he was somewhat familiar with the facts concerning the controversy between the parties to this litigation over the land, and he admitted that he may have mentioned the case to the witnesses Wackerly and Alvis; but he stated that he had never heard any of the witnesses talk about the case, and had never heard

the merits of the case discussed, and had not formed or expressed an opinion regarding it. Wackerly and Alvis were not witnesses in the case except upon this collateral matter. It is provided by Section 4492 of Kirby's Digest that no person shall be sworn as a juror who has formed or expressed an opinion concerning the matter in controversy, and if such person conceals that fact when interrogated as a juror, and thereby imposes himself upon the litigants, the court should grant a new trial when these facts are made to appear. But we can not say, from the testimony heard by the court below, that any imposition was practiced by the juror. The court heard the evidence and passed upon it, and we are bound by that finding, as it does not appear to have been arbitrarily made.

Judgment affirmed.

