McDONALD v. LOUTHEN.

Opinion delivered November 18, 1918.

1. LIBEL AND SLANDER—BAD REPUTATION AS DEFENSE—INSTRUCTION.—In an action for slander consisting in defendant calling plaintiff a thief, it was error to charge the jury that if it should be shown that plaintiff's reputation is bad for honesty or for truth, or for veracity or morality, the jury might consider it in passing upon the question as to whether or not he is entitled to damages, as such reputation is not a defense, though it may be proved to lessen the damages.

2. SAME—WORDS ACTIONABLE PER SE.—A charge that one is a thief, unexplained, is actionable *per se*.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

STATEMENT OF FACTS.

This is an action of slander by Ben McDonald against V. D. Louthen, claimed to have been uttered by the defendant in the presence of several persons. The alleged slander is that the defendant said concerning the plaintiff

that he was the "biggest thief in the county," or "the damnedest thief in the world."

The defendant denied having uttered the defamatory language, and also averred that, if he did use the language, it was true. On the trial it was shown by the plaintiff that the defendant had told divers persons that the plaintiff was the "damnedest thief in the world" or "the biggest thief in the county." The defendant was a witness for himself, and denied having used the language attributed to him. Other witnesses for the defendant testified that they knew the reputation of the plaintiff in the community where he lived for truth and morality, and that it was bad.

The jury returned a verdict for the defendant and the plaintiff has appealed.

*C. E. Elmore,* for appellant.

1. Kirby's Digest, § § 1856-1859, defines slander and provides a remedy. Under these sections there are two defenses (1) that the language was not used, and (2) if used that it was true. There being a denial that the language was ever used, then the question resolves itself, was it used? The proof is positive that the language was used.

2. The court erred in giving instruction No. 2 on its own motion, in which it tells the jury "that they have the right to say whether said language does the plaintiff an injury or not." This is in direct conflict with 55 Ark. 494; 56 *Id.* 100; 92 *Id.* 488; 199 S. W. 78.

3. It was error to give No. 3. There is no evidence to justify it.

4. It was error to refuse No. 5 for plaintiff. The words are actionable *per se.* 56 Ark. 100; 55 *Id.* 494; 199 S. W. 78.

5. It was error to give instruction "C." 55 Ark. 499.

HART, J., (after stating the facts). The plaintiff assigns as error the action of the court in giving the following instruction:

"You are instructed that one of the defenses in this case is the truth of the allegation, if made by defendant, and that one of the ways of making that proof is to show that the reputation of plaintiff in the neighborhood in which he lives is bad for honesty, or for truth, or for veracity, or morality; and if you believe this reputation has been successfully established, you would be authorized to weigh and consider it in passing upon the question as to whether or not he is entitled to damages or not."

The court erred in giving this instruction to the jury. The plaintiff's bad character furnished no excuse to the defendant for calling him a thief. The only legitimate effect of such evidence is to reduce the damages. A person whose reputation is bad is in contemplation of the law as well as in fact, injured less by slander than one whose reputation had previously been good. *Campbell v. Bannister,* 79 Ky. 205. The reason that the general character may be attacked is because this is relied upon as the ground of damages, and the plaintiff is supposed at all times to be prepared to sustain his general character. On this point Professor Greenleaf says: "Whether evidence impeaching the plaintiff's previous general character is admissible in an action of slander, as affecting the question of damages, is a point which has been much controverted; but the weight of authority is in favor of admitting such evidence." 1 Greenleaf on Evidence (15 ed.), § 55.

In 25 Cyc. 418, it is said that the general bad character or reputation of plaintiff is a mitigating circumstance in libel or slander. In the action the plaintiff complains that the defendant has injured his character or reputation. Therefore, the defendant may prove that the plaintiff's general reputation was already bad with a view of lessening his damages. Newell on Slander and Libel (3 ed.), p. 1068, par. 1044; *Stone v. Varney* (Mass.), 39 Am. Dec. 762; *Parkhurst v. Ketchum* (Mass.), 83 Am. Dec. 639; *Sheahan v. Collins* (Ill.), 71 Am. Dec. 271; *Waters v. Jones* (Ala.), 29 Am. Dec. 261; *Hearne v. De Young* (Cal.), 64 Pac. 576; *Smith v. Smith,* 8 Iredell 29 (N. C.);

*Sawyer* v. *Eifert* (S. C.), 10 Am. Dec. 633, and *DuVal* v. *Davey,* 32 Ohio St. Rep. 604.

So, too, where the plaintiff alleges the injury to have been occasioned by slander affecting his character in any particular respect, it tends to mitigate the damages, if it is shown that, at the time of the utterances of the slander alleged, his general reputation in that respect was already bad. As he is expected to be always ready to defend his general character, so also he should be ready to defend it with reference to that matter wherein he alleges it to have been wrongfully assailed. That is to say, where the charge was that of larceny, the plaintiff's reputation for honesty and integrity are the traits involved. *Clark* v. *Brown,* 116 Mass. 504; *Anthony* v. *Stephens* (Mo.), 13 Am. Dec. 497; *Finley* v. *Widner* (Mich.), 70 N. W. 433; *Lincoln* v. *Chrisman* (Va.), 10 Leigh 338; *Wilson* v. *Noonan,* 35 Wis. 321; *Drown* v. *Allen,* 91 Pa. St. Rep. 393, and *Warner* v. *Lockerby* (Minn.), 18 N. W. 145, and *B— v. I—,* 22 Wis. 372, 94 Am. Dec. 604.

Counsel for the plaintiff also assign as error the action of the court in refusing to charge that the words used by defendant were actionable *per se.* The words used by the defendant, unexplained, amounted to a charge that the plaintiff had been guilty of larceny, which is an infamous crime. There was no explanation, and the court should have given the instruction asked. *Stallings* v. *Whittaker,* 55 Ark. 494; *Gaines* v. *Belding,* 56 Ark. 100; *Jackson* v. *Williams,* 92 Ark. 487; *Van Hoozer* v. *Butler,* 131 Ark. 404.

It follows t⸱⸱ the judgment must be reversed, and the cause will be remanded for a new trial.