## MACFADDEN'S PUBLICATIONS, Inc., v. HARDY.

### No. 1750.

Court of Civil Appeals of Texas. Waco.

May 28, 1936.

Rehearing Denied July 2, 1936.

Hays, St. John, Abramson & Schulman, of New York City, Samuels, Foster, Brown & McGee, of Fort Worth, and Sleeper, Boynton & Kendall, of Waco, for appellant.

Miller & Zachry, of Waco, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, Frank Hardy, against appellant, Macfadden's Publications, Inc., to recover damages for libel. Appellee alleged that appellant, in one of its publications issued in the year 1934 and entitled "June True Detective Mysteries," published a picture of appellee and printed underneath the same the words: "Hardy is serving a sentence for the murder of Doyle Johnson at Belton, Texas." Appellee alleged that the words aforesaid were false; that he was not

guilty of the murder of said Johnson, was not convicted thereof, and that he was not serving and had never served a sentence, or any part of a sentence, therefor. He further alleged that he had suffered damage to his reputation in the sum of $2,750.

Appellant pleaded a general denial, and further, that appellee was a person with an evil reputation for good behavior and as a peaceable and law-abiding citizen, and, in that connection specifically pleaded that appellee, in the year 1925, was convicted in the court in which this suit was pending in four cases charging burglary and in three cases charging felonious theft, and that in each of said seven convictions the jury assessed his punishment at two years' confinement in the state penitentiary. Appellant further alleged that in the year 1930, appellee was convicted in the same court in ten cases charging burglary and in eleven cases charging felonious theft, and that in each of said twenty-one convictions, the jury assessed his punishment at two years' confinement in the state penitentiary. Appellant further alleged that in the year 1926, and again in the year 1930, appellee was actually incarcerated in the state penitentiary in pursuance of his conviction for the commission of felonies. Appellant further alleged that appellee had been arrested at numerous times by the police force of the city of Waco and charged with the commission of various other felonies and misdemeanors.

The court, at the trial, sustained appellee's exceptions to appellant's said allegations. Appellee introduced testimony supporting his allegation that said publication contained his picture and in connection therewith the printed words alleged. He also introduced in evidence a certified copy of the judgment of the district court of Bell county, Tex., dismissing a charge pending against him for the alleged murder of Doyle Johnson. Said judgment recited that a former trial of said charge had resulted in a hung jury, and that since such trial another man had confessed that he and not appellee participated in such killing. Appellant offered testimony in support of its specific allegations which had been stricken out as aforesaid, but the court refused to admit the same. Special issues were submitted, in response to which the jury found, in substance, that: (1) Appellant sold the magazine containing the picture of appellee and the language printed in connection therewith as aforesaid; (2) appellant sold said magazine for distribution; and (3) the sum of $2,383.67 would compensate appellee for damages sustained. Judgment was entered upon such findings in favor of appellee against appellant for the sum so found by the jury.

Opinion.

 Appellant presents various propositions in which it insists that the court erred in sustaining exceptions to its pleas that appellee, at the time of the publication of which he complains, was a person of evil reputation for good behavior and as a peaceable law-abiding citizen, and in sustaining objection to all the testimony concerning his conviction for the twenty-eight specific felonies pleaded by it and his incarceration in the state penitentiary in pursuance of such convictions. Appellee did not ask for exemplary damages. Actual or compensatory damages alone were sought. The basis of his action was the injury done to his reputation. It is obvious, therefore, that if his reputation was such in the line of the false accusation that the same was not or could not be injured thereby, he was not entitled to compensatory damages in any substantial amount. 27 Tex.Jur., pp. 711, 712, citing George Knapp & Co. v. Campbell, 14 Tex.Civ.App. 199, 36 S.W. 765, 769 (second column). The publication of appellee's picture in connection with the statement that he was serving a sentence for murder merely identified him as the person against whom the printed assertion in evidence was made. It is a matter of common knowledge that service of a sentence in a penitentiary is a punishment inflicted only upon conviction of an offense of the grade of felony, and that such a conviction works a forfeiture of the right of suffrage and carries with it certain odious implications. We therefore conclude that a charge of serving a term in a penitentiary is actionable regardless of any mention of the particular crime for which such punishment was inflicted. 18 Am. & Eng. Ency. of Law (2d Ed.) pp. 873(c) and 874 (4). According to the common-law rules, the general reputation of the complaining party in respect to the elements of the false accusation is admissible as bearing on the amount of compensatory damages, if any, to be awarded. 37 C.J. p. 75, § 477; 18 Am. & Eng.Ency. of Law (2d Ed.) 1100(2); 27 Tex.Jur., pp. 711, 712; Schulze v. Jalonick, 18 Tex.Civ.App. 296, 44 S.W. 580, 581 (2d column); Burkhiser v. Lyons (Tex.Civ. App.) 167 S.W. 244, 246, par. 8; McDonald v. Louthen, 136 Ark. 368, 206 S.W. 674, 675; Redfearn v. Thompson, 10 Ga.App.

550, 73 S.E. 949, 951, pars. 2 and 3; Yager v. Bruce, 116 Mo.App. 473, 93 S.W. 307, par. 7. Since only compensatory damages were sought by appellant in this case, no issue of exemplary damages is involved. Many of the authorities, in the use of the term "mitigation," do not distinguish the application of such term with reference to testimony tending to rebut the presumption of actual damages or to enable the jury to properly measure the same, and the application thereof with reference to testimony tending to rebut the presumption of malice or to excuse or extenuate the charges made. For use of such term in the former sense, see Sawyer v. Eifert, 2 Nott & McC. (S. C.) 511, 10 Am.Dec. 633. The common-law rules, however, exclude, as tending to prove such general reputation, testimony of particular instances of misconduct on the part of the complainant, but such rules have sometimes been relaxed so as to permit the introduction of testimony with reference to acts of the same general nature as the one charged, in mitigation of damages. 37 C. J., p. 76; Osterheld v. Star Co., 146 App. Div. 388, 131 N.Y.S. 247, 251 et seq., par. 5; Vorhees v. Toney, 32 Okl. 570, 122 P. 552, 554, par. 3; Parker v. Coture, 63 Vt. 155, 21 A. 494, 495, 25 Am.St.Rep. 750. See in this connection the following Texas cases: Texas Midland Railroad v. Dean, 98 Tex. 517, 522, 85 S.W. 1135, 70 L.R.A. 943; Collins v. Clark, 30 Tex.Civ.App. 341, 72 S.W. 97, 98 (writ refused); Houston & T. C. R. Co. v. Ritter, 16 Tex.Civ.App. 482, 41 S.W. 753, par. 3. Courts and text-writers have from time to time expressed dissatisfaction with the common-law rules of procedure in cases of defamation. Farley v. Evening Chronicle Pub. Co., 113 Mo. App. 216, 87 S.W. 565, 569, and authorities there cited. The Legislature of this state, in 1901, passed an act defining civil libel, declaring that the truth of the charge should constitute a defense to the action and providing for the introduction in evidence of certain extenuating facts in mitigation of exemplary or punitive damages. Gen.Laws 27th Leg.,1901, p. 30, c. 26. Said act was incorporated in the Revised Statutes of 1925 as articles 5430 to 5433 thereof. Article 5431 of said revision read as follows: "In any action for libel, the defendant may give in evidence, if specially pleaded, in mitigation of exemplary or punitive damages, the circumstances and intentions under which the libelous publication was made, and any public apology, correction or retraction made and published by him of the libel complained of. The truth of the statement or statements in such publications shall be a defense to such action."

Said article was amended in 1927, 40th Leg., p. 121, c. 80, § 1 (Vernon's Ann.Civ. St. art. 5431). Said amendment, so far as it affects the issue under consideration, is as follows: "In any action for libel, *in determining the extent and source of actual damage* and in mitigation of exemplary or punitive damage, the defendant may give in evidence, if specially pleaded, *all material facts and circumstances surrounding such claim of damage* and the defense thereto." (Italics ours.)

We have been unable to find a case in which the language last quoted has been construed by any of our appellate courts. Clearly, it was the intent of the Legislature to enlarge, by statutory enactment, the restrictive rules theretofore in force concerning the introduction of testimony in mitigation or reduction of actual damage. The general reputation of the claimant with reference to the trait of character involved in the accusation was already admissible on that issue, but the amendment, in express terms, authorizes the defendant in a libel suit to give in evidence on such issue, if specially pleaded, "all material facts and circumstances surrounding such claim of damage." Can it be said with any degree of plausibility that appellant's allegations that appellee had theretofore on two occasions, separated by a considerable period of time, pleaded guilty to or been convicted of an aggregate of twenty-eight separate charges of burglary or felonious theft and had been incarcerated in the state penitentiary in pursuance of such convictions, do not constitute the averment of facts and circumstances material to appellee's claim of damage to his reputation, notwithstanding any variance between the nature of such felonies and the specific felony for which appellee was charged with having been serving a sentence as punishment? Any reasonable objection that appellant's allegations involved the determination of numerous collateral issues is in this particular case obviated by the fact that said allegations involved only final judgments of conviction in the very court in which the cause was being tried and the service thereunder of sentences of imprisonment in the penitentiary. We think proof of the matters alleged was within the provision of the amended article. Appellant will have an opportunity on another trial to avoid any

technical objection to the form of its allegations.

.Appellant presents propositions in which it insists that the court erred in overruling its objection to certain statements made by counsel for appellee in argument to the jury. The only allegation of damage contained in appellee's petition was, in substance, that by reason of the circulation of the alleged libelous matter he had suffered damage to his reputation in the sum of $2,750. The only reference in the court's charge to the subject of damages was the submission of the following issue: "What amount of money will compensate the plaintiff, Frank Hardy, for the damages he sustained? Answer. in dollars and cents."

The answer of the jury thereto was "$2,383.67." Counsel for appellee, in the opening argument to the jury, said, in part: "Damage is presumed in this case, and you gentlemen are to go outside and determine in your judgment how much that boy has been damaged by the circulation of that falsehood. And, what kind of falsehood? That he took the blood of a human being; that he committed murder, and that a jury of twelve men convicted him, and that he is serving a sentence within the prison walls. How much do you think you would be damaged, gentlemen? That is the question. The court has not given you anything to guide you by; wasn't supposed to give you anything to be guided by because damage has been presumed and is presumed under the law."

Counsel for appellant objected to said argument, but the court overruled the same. Exception was duly reserved. Thereafter, counsel for appellant, by oral motion, asked the court to declare a mistrial and discharge the jury. One of the grounds urged was the argument above recited. The court overruled said motion, and appellant again reserved an exception. An appeal to the jury to put themselves in the place of the injured party and to award such damages as they feel they would be entitled to receive under the same circumstances has been consistently held improper. Justice Alexander, in Dallas Railway & Terminal Co. v. Smith (Tex.Civ.App.) 42 S.W.(2d) 794, 795, par. 1, in discussing that character of argument, said, in substance, that the same was an appeal to the prejudice of the jury and calculated to induce them to abandon their position of fairness and impartiality and to assume the position of a partisan or claimant in the case, and constituted an appeal to the jury to apply an improper measure of damages. .Necessarily, the prejudicial effect of such an appeal is enhanced where, as in this case, no measure of damages whatever was given to guide the jury in determining the amount of damages they were authorized. to assess. For further application of the rule, see Dixie Motor Coach Corp. v. Swanson (Tex.Civ.App.) 41 S.W.(2d) 436, 439 et seq, par. 3; Brown Cracker & Candy Co. v. Castle (Tex.Civ.App ) 26 S.W.(2d) 435, 439, par. 10; Dallas Ry. & Terminal Co. v. Moore (Tex.Civ.App.) 52 S.W.(2d) 104, pars. 3 and 4; Dallas Ry. & Terminal Co. v. Curtis (Tex.Civ.App.) 53 S.W.(2d) 85, 86, par. 1; Gulf, C. & S. F. Ry. Co. v. Carson (Tex.Civ.App.) 63 S.W.(2d) 1096, par. 3; Allen v. Denk (Tex.Civ.App.) 87 S.W.(2d) 303, 306, par. 8. This case is distinguishable from Independent Life Ins. Co. v. Hogue (Tex.Civ.App.) 70 S.W.(2d) 629, 632, par. 10, in which the Supreme Court dismissed an application for writ of error. In that case the trial court sustained the objection and instructed the jury not to consider the argument and not to try the case from their own standpoint. Such instruction was the ground upon which the Court of Civil Appeals affirmed the judgment. In this case all objections were overruled, which was calculated to impress the jury with the idea that the court approved the method suggested by counsel with reference to the manner of determining the amount to be assessed as damages.

Appellant presents other. assignments of error, but the matters complained of therein will not necessarily arise in the same way, if at all, upon another trial.

The judgment of the trial court is reversed, and the cause remanded.