GEORGE VINSON GAINES *v.* STATE OF ARKANSAS

5604                                                470 S.W. 2d 591

Opinion delivered September 20, 1971

*Tackett, Young, Patton & Harrelson* for appellant.

*Ray Thornton,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, charged with first degree murder, was convicted of voluntary manslaughter and sentenced to imprisonment for two years. For reversal he contends that the circuit judge should have granted a new trial, because a juror assertedly concealed certain facts which suggest that she was prejudiced against the accused.

The testimony taken at the trial is not before us. All we have is the brief stipulation upon which the motion for a new trial was submitted to the circuit judge. We quote the essential parts of that stipulation:

> [D]uring the general questioning of the entire panel by the Court on voir dire Mrs. Blythe raised her hand and volunteered the information that her husband owned and operated a business next to where

the killing occurred. That this lady also, in response to the Court's question, said that she knew nothing about the facts, had no opinion about the case and had no interest in the case. . . . Mr. Tackett, counsel for the defendant, asked Mrs. Blythe what business her husband was in and she replied that he owned and operated a recreational parlor.

Mrs. Blythe's husband does, in fact, own and operate the pool hall where the defendant and the deceased were involved in an argument just prior to the shooting in this case, which shooting occurred in front of the pool hall. . . . [T]he name of the place of business in which the pool hall is operated is Stamps Recreation Parlor.

It is also stipulated that from the opening statement of the Prosecuting Attorney and from the first witness who testified and throughout the case that the juror, Mrs. Blythe, knew or should have known that the difficulty which led to the shooting outside the pool hall began in the pool hall and that the deceased was an employee of the juror Blythe's husband at his recreation parlor where the pool hall is located.

. . . [T]hat the building in which the recreation parlor was located and operated and where the pool hall business was carried on was and is owned by the juror, Mrs. Blythe, and her husband as an estate by the entirety, but that said business was actually operated by Mr. Blythe and that Mrs. Blythe did not personally participate in the operation of said business.

In our opinion the stipulated facts fall decidedly short of establishing reversible error. It was incumbent upon the appellant to show that the juror wrongfully concealed bias on her part and thereby imposed herself upon the litigants. *VanHoozer* v. *Butler*, 131 Ark. 404, 199 S. W. 78 (1917). Here there is no clear showing either of concealment or of bias. Mrs. Blythe volunteered truthful information and honestly answered defense counsel's question about her husband's business.

Counsel did not pursue the matter further. That the juror *should have known* certain facts from the testimony does not prove either that she did know those facts or that the supposed knowledge necessarily showed bias. The circuit judge was familiar with the facts developed at the trial, but we do not have that advantage. Moreover, Mrs. Blythe was not called as a witness in connection with the motion for a new trial. Thus her statement on voir dire, that she knew nothing about the facts, had no opinion about the case, and had no interest in the case, is not directly contradicted. Upon the meager record before us we cannot say that the circuit judge should have granted a new trial on the basis of proof that is essentially speculative in nature.

Affirmed.