## ENTERPRISE CO. v. TAYLOR.
### No. 3599.

Court of Civil Appeals of Texas. Beaumont.

June 13, 1940.

Orgain, Carroll & Bell, of Beaumont, for appellant.

Fred A. White, of Port Arthur, for appellee.

WALKER, Chief Justice.

This is a libel suit wherein appellee, Miss Genevieve Taylor, was plaintiff, and appellant, the Enterprise Company, was defendant. On trial to a jury, appellee's actual damages were assessed at $3,750 and her exemplary damages at $3,000. On her remittitur, final judgment in her behalf was for actual damages only in

the sum of $2,750. Appellant has duly prosecuted its appeal to this court.

This, is a second appeal; our opinion on the first appeal is reported Enterprise Co. v. Taylor, 112 S.W.2d 1103, to which we refer for a statement of the basic facts of the case.

Appellee's measure of damages was submitted to the jury by the following issue and charge:

"(a) From a preponderance of the evidence what sum of money, if any, do you find, if paid now, would reasonably compensate the plaintiff, Genevieve Taylor for the actual damages, if any, sustained by her by reason of the publication in The Beaumont Enterprise on March 3, 1936, of the following portions of said article: 'They had failed in a battle royal with four police officers;' 'As the two young women resisted arrest by two policemen so forcibly that the outcome of the battle was in doubt—;' 'They spent the night screaming for aid and intimating in colorful language that they wanted, somehow to get out of jail?'

"(b) If you find from a preponderance of the evidence that the plaintiff, Genevieve Taylor, was actually damaged by the publication of the foregoing parts of such article, then your verdict should be the writing of the amount of such damages, if any, in dollars and cents; otherwise, the form of your answer should be 'None.'

"(c) In connection with the foregoing issue, you are instructed that you cannot allow the plaintiff any damages for any part of the article complained of which is true. The truth of such article is a defense thereto.

"(d) You are further instructed in connection with the foregoing issue that you cannot consider for any purpose and must not allow the plaintiff any damages on account of the publication of the following parts of such article, to wit: 'Two secretaries of public officials jailed. Secretaries to two public officials, one county and one city, were in city jail last night charged with drunkenness, * * * Two other police officers drove up and helped to get them to the station. One officer suffered a severely scratched chin. They were arrested at a Log Cabin sandwich stand after complaint had been made to the police department. They spent the night in the jailhouse * * * Given their chance at the telephone they put in a call. It was understood that they called not their bosses but a county peace officer. Somehow or other, though, they stayed in jail.'

"(e) You are further instructed in connection with the foregoing issue that you will not allow plaintiff any damages by reason of any animosity or anger or resentment that she may now entertain or has entertained in the past, against the defendant by reason of the publication of said article in full.

"(f) You may, however, arrive at the amount of actual damages, if any you may award the plaintiff, by taking into consideration any loss of wages sustained by plaintiff, if any, the injury to her reputation, if any, mental anguish suffered, if any, by the plaintiff, the humiliation, if any, suffered by the plaintiff, by reason of the publication of the portions of the article incorporated in the foregoing question.

"(g) By the term 'mental anguish' as used in the foregoing instruction, is meant a high degree of mental suffering and not mere disappointment or regret.

"(h) In connection with the foregoing question, you are instructed that you cannot allow the plaintiff any damages for any portion of such article that may be privileged and without malice.

"(i) The word 'privilege' as used herein means the right of the defendant to publish a reasonable and fair comment upon the official acts of public officers and of the matters of public concern, if published without malice.

"(j) By the word 'malice' as used herein is meant ill-will, bad or evil motive, or such gross indifference to the rights of the plaintiff as will amount to a willful or wanton act on the part of the defendant.

"(k) You are further instructed, in connection with the foregoing question, that you cannot allow the plaintiff any damages for the publication of any portion of the article complained of which is qualifiedly privileged, if it is qualifiedly privileged.

"(l) By the term 'qualifiedly privileged' is meant: The publication of any article without malice where the publisher thereof publishes same in good faith and is prompted in so doing by a duty owed to the public, or where the publisher believes he is under a duty to the public to publish same.

"(m) You are further instructed that you cannot allow the plaintiff any damages, nor can you consider for any purpose in arriving at damages, if any, for the plaintiff, any portion of said article which is substantially true, even if there be malice on the part of the publisher in publishing the same."

Appellant's twenty-seventh exception to this charge was as follows: "Because the court does not confine the damages, if any, as the proximate result of the publication of any portion of the article that was not true or substantially true, and does not restrict the damages to those such as a person of ordinary care and prudence could reasonably foresee and anticipate in the exercise of ordinary care as the result of the publication of any portion of such article, if any, that should not be true, but permits the jury to consider any damage resulting from the publication, whether or not it was proximately caused by the publication of an untruthful portion."

The authorities sustain this exception. In assessing her damages, the jury could consider only such pecuniary loss suffered by her "as a proximate result of the defamation." 27 Tex.Jur. 783: Libel and Slander. Same authority, page 781: "When the language complained of is actionable per se, they may be told to award such damages as they find from the evidence has been suffered by reason of the defamation. In such circumstances it is proper to instruct them to find for the plaintiff at least nominal damages, and such further actual damages as, according to the evidence, may proximately have resulted."

This proposition by Texas Jurisprudence has direct support in our adjudicated cases. Cotulla v. Kerr, 74 Tex. 89, 11 S.W. 1058, 15 Am.St.Rep. 819; Beeman St. Clair Co. v. Caradine, Tex.Civ. App., 34 S.W. 980; Grand Lodge United Bros. v. Rose, Tex.Civ.App., 243 S.W. 496. In McFadden's Publications, Inc. v. Turner, Tex.Civ.App., 95 S.W.2d 1027, 1029, a libel case, Chief Justice Gallagher speaking for his court said: "The general and well-established rule is that the court should instruct the jury as to the measure of damages to be applied, and that it is reversible error for the court to fail to do so. * * * Under a general allegation of damage, the plaintiff may in such cases, without specific proof, recover actual damages for injuries to his reputation and for mental suffering, provided the same are the direct and proximate result of the defamation. * * * The court, in submitting the issue of damages on another trial, should conform to the rules announced in 27 Tex.Jur., p. 781, § 100, and authorities there cited, as far as the same are applicable to the case made by the pleadings and evidence."

Appellant also assigns error against the court's measure of damages and the accompanying charge as given above, that it was "contradictory" and was a "general charge." By sections (c), (d), (e), (h), (k), and (m), the court withdrew certain matters from the consideration of the jury in assessing damages. After instructing the jury by sections (c), (d), and (e), that damages could not be allowed on certain elements of the case, the court then instructed the jury by section (f): "You may, however, arrive at the amount of actual damages, if any you may award the plaintiff, by taking into consideration any loss of wages sustained by plaintiff, if any, the injury to her reputation, if any, mental anguish suffered, if any, by the plaintiff, the humiliation, if any, suffered by the plaintiff, by reason of the publication of the portions of the article incorporated in the foregoing question."

Notwithstanding sections (c), (d), and (e), of the court's charge, the jury may have been influenced by section (f), which was general in its terms, to consider all evidence before it in assessing the damages.

We are also inclined to think that in certain respects the charge was a general charge. By section (h), the jury was instructed that it could not allow damages for any portion of the article that was privileged and without malice, but sent no fact issue to the jury on that point, and the same general instructions were given by sections (k) and (l) on the issue of "qualifiedly privileged."

Because of the error of the court in overruling appellant's twenty-seventh exception to the charge, the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.