## BELL PUB. CO. et al. v. GARRETT ENGINEERING CO.

### No. 11241.

Court of Civil Appeals of Texas. Galveston.

July 24, 1941.

Rehearing Denied Oct. 23, 1941.

W. O. Cox, and Will R. Brown, both of Temple, for appellant Dr. O. F. Gober.

Clarence Lohman, of Houston, and Joe Everton, Walker Saulsbury, and Byron Skelton, all of Temple, for appellant Bell Pub. Co.

Sam D. Snodgrass, of Temple, and Howard, Reinhard & Schwing, of Houston, for appellee.

CODY, Justice.

This is a libel suit. The petition on which appellee, who was plaintiff below, went to trial was before us for consideration in connection with the appeal from the judgment of the trial court holding that the venue of the case was properly laid in Harris County, which holding was by us affirmed. Bell Publishing Company et al. v. Garrett Engineering Company, 146 S.W.2d 301. Reference is here made to our opinion on that appeal for a statement of the petition. The article sued on as being libelous is set forth in full in said statement of the petition. As appears therefrom, paragraph 7 of said article, which was admittedly written by appellant Dr. O. F. Gober, and published by appellant Bell Publishing Company in its newspaper, is as follows: "I think that they (the Board of Commissioners of Temple) have made a most serious error in employing an engineering company to make the survey for, lay out, design and construct the distributing plant, when there is no person connected with the company who is a practical engineer, or who holds a degree of engineering. I am reliably informed that this company has never done any similar work, and by that I mean that it has never constructed such plant for any other city." Appellee alleged that this intended to charge that appellee did not possess the skill, technical knowledge or ability to properly

represent the City of Temple as engineers in the construction of a proposed electric light and distribution system, and further, that various people were led thereby to believe that no person connected with appellee was an engineer, and that appellee was wholly incompetent to perform the services or do the work in the trade or profession in which it was then engaged; that the article was published maliciously, etc.

Appellants answered that for years prior to May 21, 1939, the issue of whether Temple should have a municipally owned and operated light and power plant was a matter of profound concern to citizens of Temple. That for years appellee had actively assisted those citizens in favor of such a plant, and had received some compensation and had contracted for additional fees. That during the campaign that raged for and against the project, appellee had assisted in the plan to carry the project, and had furnished literature, circulars, information and contributed money to the campaign to carry the election of the bond issue to erect same. That for four days prior to the election appellee kept its president M. T. Garrett in Temple to aid in and to contribute money to win the election. That appellee was a part of the group urging the bond issue, and lost its privilege and became subject to reasonable and fair comment and criticism in regard to the election in which the public was vitally interested and concerned. That the occasion, as well as the article itself, was privileged under the statutes of this state as a reasonable and fair comment on criticism of matters of public concern published for general information at a time and under circumstances that they were absolutely privileged as to appellant Bell Publishing Company. Also that it was conditionally or qualifiedly privileged as to both appellants. Appellants further answered that the matters contained in the article were true, and if not, then they were substantially true; and if not substantially true, appellant believed so to be in good faith; and had reasonable ground for such belief.

In response to special issues the jury found:

(1) That appellee did have connected with it on May 21, 1939, a practical engineer as such term is defined in the charge.

1–A. That appellee did on May 21, 1939, have connected with it a practical electrical engineer.

2. That appellee had not constructed for any other city a plant similar to that contemplated at that time to be built at Temple, Texas, from the bond issue in contemplation by the City of Temple.

2–A. That appellee had supervised as engineers the construction for one or more cities of a plant similar to that contemplated to be built at Temple from the bond issue then in contemplation.

3. That at the time of the publication of the article appellant Dr. O. F. Gober honestly believed to be true the statements contained in paragraph 7 of said article.

4. A similar finding was made in special issue No. 4 with reference to the honest belief as to Bell Publishing Company as was made in special issue No. 3 as to Dr. Gober.

5. And in response to the question: "What sum of money, if paid now in cash, do you find from a preponderance of the evidence to be the amount of damage because of loss or injury, if any, to the reputation of plaintiff company as a direct and proximate result of the publication of paragraph 7 of the article in question in this cause on May 21, 1939?" The jury answered "$15,000.00".

The court found as an undisputed fact that on and before May 21, 1939, appellant had connected with it "persons who held a degree of engineering at all times material to this suit, and in particular that one J. Blair Stuart was connected with plaintiff company, and was also the vice-president thereof since its incorporation in 1932, and that he * * * held a degree of Engineering from the Rice Institute. * * *"

Upon the jury's and the court's findings, the court rendered judgment in favor of appellee against appellants jointly and severally for the sum of $15,000.

 We held in the appeal of the venue question that statements in paragraph 7 of the article "were, under the inescapable imputations, libelous, unless shown to be true, under such well-settled holdings in Texas as Belo & Co. v. Looney, 112 Tex. 160, 246 S.W. 777." Bell Pub. Co. et al. v. Garrett Engineering Co., 146 S.W. 2d 301, at page 306. Upon the trial of the case the jury, upon sufficient evidence found certain of the matters in paragraph 7, for which appellee sued appellants as being libelous, were not true, as appears from the special issues above. We therefore must overrule the various contentions

urged by appellants that the court should have instructed a verdict for them.

Appellants urge, as reversible error, the failure of the court to limit the jury, in assessing damages, to the consideration of that portion of the article alleged to be libelous, which was false, if any, and to exclude from their consideration the portion of the article which was true. We are construed to sustain this contention. It was a part of appellee's cause of action that the statement in the article that appellee "has never constructed such plant for any other city" was false and libelous, and the same damaged appellee's reputation, business, etc. But the jury found, upon sufficient evidence, in response to special issue No. 2 (as indicated above) that this portion of the article was true. The special issue submitted to the jury relating to damages is special issue No. 5 and in connection with such charge the court gave the following:

"You are instructed in connection with this issue that in determining the damages, if any, you will take into consideration and make allowance for the good faith, if any, of the defendants, Dr. O. F. Gober or Bell Publishing Company, in writing and publishing said article, if you have found and believed from the preponderance of the evidence that such defendants wrote and published such article in good faith, or on just and reasonable grounds for believing it true.

"You are also instructed to consider only the damages, if any, that directly resulted from said publication or that can be reasonably anticipated to probably result in the future.

"By the term 'proximate result' as that term is used in the issue submitted to you, is meant a result that would naturally and ordinarily follow from the alleged acts complained of, and, in view of all the facts and circumstances, might have been reasonably foreseen as likely to result by a person of ordinary prudence."

Appellants objected to the submission on the question of damages, among other grounds: "* * * And because such issue (No. 5) fails to limit the jury in its consideration of recoverable damages to the article and the portion of the same as related to the whole, which it may be previously found upon a proper issue submitted to it as having resulted from a false publication of and concerning plaintiff's reputation."

■ Where a portion of a newspaper article is true and a portion is false, the instruction should limit the damages recoverable to those resulting from the false part. Enterprise Co. v. Taylor, Tex.Civ. App., 112 S.W.2d 1103, 1104; Id., Tex.Civ. App., 142 S.W.2d 280–282; Times Publishing Co. v. Ray, Tex.Civ.App., 1 S.W.2d 471; Ray v. Times Pub. Co., Tex.Com. App., 12 S.W.2d 165; R.S.Article 5431, Vernon's Ann.Civ.St. art. 5431. The damages which the jury awarded was high, and it can well be that damages were assessed for this portion of the article which was true.

It follows that the judgment of the trial court must be reversed for the error just sustained, and the cause remanded for a new trial. It will therefore serve no useful purpose to consider the other errors assigned by appellants as in all probability they will not arise upon another trial.

Reversed and remanded.

Appellee's Motion for Rehearing.

GRAVES, Justice (dissenting).

The fuller light of a rehearing has converted the reluctance with which my acquiescence in the former reversal of this appealed-from judgment was recorded into a conviction now that such reversal was rested solely upon a technical construction and application that the record of the trial below does not support, and which is in direct conflict with this court's unanimous opinion in the same cause upon a venue-hearing only, reported in Bell Publishing Company et al. v. Garrett Engineering Company, 146 S.W.2d 301.

Wherefore, this dissent from the present order overruling the appellee's motion for a rehearing.

No extended opinion is deemed necessary, it being thought needful only to point out that this record conclusively shows that all the jury meant to or could properly have found in response to special issue No. 2 was that the appellee had never, prior to that time, done the actual physical work in the building of a plant similar to that then contemplated for the City of Temple; any other construction of that finding would be to literally "parse out of court" this appellee; that is made inescapable by the trial court's definition of the word "con-

struct", in submitting that issue, which, together wtih the definition, were as follows:

"Special Issue No. 2

"Do you find from a preponderance of the evidence that prior to May 21, 1939, the plaintiff, Garrett Engineering Company, had not constructed for any other city a plant similar to that contemplated at that time to be built at Temple, Texas, from the bond issue then in contemplation by said City of Temple?

"Answer 'It had not' or 'It had'.

"In connection with this issue you are instructed that the word 'construct' is defined to mean: To adjust and join the materials or parts of, so as to form a permanent whole; to build; and that the word 'similar' is defined to mean like in quality, nature, degree, purpose, or other characteristic, but not the same or identical."

The jury answered "It had not", thereby merely finding, in response to the undisputed evidence to that effect, that the appellee had never undertaken to do the physical work in joining up the materials or parts of the buildings it had theretofore professionally worked upon, but that its service had always been to do the engineering work only, as this court plainly held on such former appeal (at page 306 of 146 S.W.2d) that "it had so contracted to do as 'engineer' for the City of Temple" in this instance.

Neither did the appellee's pleading nor the undisputed state of the evidence on that incident furnish any basis for even an inference that the appellee had ever claimed to have or had done any of the physical construction work upon such plant —to the contrary, both affirmatively negative it; the appellee declared upon the specific terms of its contract with the City, which indisputably only employed it as "engineer" to do the engineering not the laying-on-of-bricks work, and its president, the only witness on the subject, made clear that it had invariably done nothing but the professional engineering work, never having laid a brick nor otherwise physically built any plant.

So that, by neither the pleadings nor the proof, was the question as to whether appellee had ever done the physical labor in the construction of a light and power system a material issue in the trial court, nor was the cause tried there upon any such theory. Appellants cannot, therefore, by all the authorities, shift to such theory on this appeal.

Furthermore, the sole predicate upon which they essay such a switch is clearly shifting sand, it being in the form of an enmeshed and involved objection to special issue No. 5, inquiring as to the amount of damages the appellee might have sustained, to this precise effect: "* * * and because such issue fails to limit the jury in its consideration of recoverable damages to the article and the portion of the same, as related to the whole, which it may have previously found upon a proper issue submitted to it as having resulted from a false publication of and concerning plaintiff's reputation."

That objection, hazy, so general that it covered everything and touched nothing, and isolated as it was, plainly got appellants nowhere toward specifically suggesting to the trial court that this appellee, as a part of its cause-of-action herein, was claiming and attempting to prove that it had theretofore done the physical labor in the construction of similar light and power systems to that it had so obligated itself to build for the City of Temple. The mere statement of such a theory is its own refutation, under the compelling facts to the contrary with which this record teems.

In these circumstances it seems inescapable that that jury's answers in response to special issues Nos. 1, 1-A, and 2-A, as set forth on page 886 of this court's original opinion herein, coupled with the finding of the trial court, shown and set forth on page 886 of that opinion, established the falsity of each and every statement contained in paragraph 7 of the published article upon which appellee's cause-of-action is grounded, and entitled it to the judgment awarded.

Since no other than the one reason is assigned for the reversal—other than this court's incidental comment that the $15,000 damages awarded "was high"—the discussion may end here, it being this member's view that such amount—in the evidence appearing—was fully within the jury's province, and that in no other respect has prejudicial error been made to appear.

It is respectfully suggested that the judgment of reversal upon appeal should be set aside, and the trial court's judgment should be in all things affirmed.